■ In the Matter of SUFFOLK ROADWAYS, INC., Appellant, v. T. BAYLES MINUSE et al., Constituting the Suffolk County Water Authority, et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, to annul a determination of the Suffolk County Water Authority awarding a repaving contract to the two corporate respondents jointly, the petitioner appeals from an order of the Supreme Court, Suffolk County, dated May 28, 1963, which dismissed the petition. Order reversed on the law; the Authority's determination annulled; and the Authority directed to seek new bids pursuant to law and consistent herewith, with costs in this court and in the court below to petitioner against the respondent Authority. The findings of fact implicit in the opinion of the court below are affirmed. The facts as disclosed by the record are undisputed. Contractors were invited to bid by means of unit prices on 12 different items of work, 10 of which had 6 subdivisions based on quantity, on each of which a bid was required. The Authority furnished prospective bidders with no more than an estimate of the amount of the work involved. After the bids

were in, the Authority's manager informed its members that the unit-cost bids indicated that they were very close and that his assistant had prepared a report which reflected the results obtained by applying the unit-cost bids against "the actual amount of work done under each category in 1962." On the basis of the bidders' prices "applied to invoices submitted to [the] Accounting Department for work performed during 1962" the Authority awarded the contract for 1963 to the corporate respondents jointly, although they were lowest in only 10 of the 62 bids required on the basis of the Authority's original instructions and forms. This belated and previously undisclosed method of the Authority by which the lowest bidder was determined, was based not on the total performance of the 1962 work but only on invoices submitted to the Authority's accounting department; and all but 19 of the 62 bids required by the Authority were ignored. In our opinion, the determination reached by the Authority in the foregoing manner is contrary to law. It is the duty of the Authority, in advance of bidding, to convey in precise terms to prospective bidders the exact basis on which the contract will be awarded, so that each such bidder will be enabled to make an intelligent evaluation and bid, and so that possible favoritism may be avoided. In view of the above, we do not reach the question as to whether the Authority acted capriciously in determining that in any event, and despite the fact that petitioner may have been the lowest bidder, its bid should be rejected in the public interest. Presently, that question is academic. Beldock, P. J., Ughetta, Kleinfeld and Brennan, JJ., concur. [39 Misc 2d 276.]