136

In the Matter of J. N. FUTIA Co., INC., Respondent, *v.* OFFICE OF GENERAL SERVICES OF THE STATE OF NEW YORK et al., Appellants. A. J. ECKERT Co., INC., Respondent.

Third Department, May 25, 1972.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Thomas P. Zolezzi* of counsel), for appellants.

*Cooper, Erving & Savage (Prescott C. Sook* of counsel), for J. N. Futia Co., Inc., respondent.

*William A. Glavin* for A. J. Eckert Co., Inc., respondent.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered February 10, 1972 in Albany County, which granted petitioner's application, in a proceeding under CPLR article 78, and compelled the appellants to award the contract to the petitioner.

This case involves the awarding of a contract to repair steam lines for the heating and air conditioning of the South Mall Project and the Alfred E. Smith State Office Building. Petitioner, J. N. Futia Co., submitted the lowest bid ($107,713), and respondent, A. J. Eckert Co., Inc., submitted the second lowest bid ($125,777). After a review of the qualifications and

past performance of petitioner, appellants determined that petitioner was not the lowest responsible and reliable bidder on the project and awarded the contract to respondent. Petitioner thereupon brought this proceeding seeking to compel appellants to award the contract to it. The Senior Building Construction Contract Analyst for the Office of General Services testified that the determination that petitioner was not the lowest responsible and reliable bidder was based upon: (1) delays by petitioner on past contracts; (2) petitioner's lack of co-operation with Office of General Services personnel on past contracts; (3) failure by petitioner to include prior penalty assessments on the experience questionnaire; and (4) the poor evaluation by Office of General Services engineers of petitioner's prior work. Petitioner testified that most of the delays were not its fault, but admitted that penalties were assessed against it on three projects.

Special Term found that no one in authority made the decision and that the award of the contract to respondent was arbitrary, capricious and an abuse of discretion as it violated the law requiring the contract to be awarded to the lowest responsible and reliable bidder. This determination was erroneous. (*Matter of Kayfield Constr. Corp.* v. *Morris,* 15 A D 2d 373; *Matter of Zara Contr. Co.* v. *Cohen,* 45 Misc 2d 497, affd. 23 A D 2d 718, mot. for lv. to app. den. 16 N Y 2d 482.)

Subdivision 6 of section 8 of the Public Buildings Law provides, *inter alia,* that contracts for the construction of any State building "must be offered for public bidding and may be awarded to the lowest responsible and reliable bidder, as will best promote the public interest". In determining the lowest responsible bidder, skill, judgment and integrity are to be considered and the awarding agency may investigate and consider the background of the bidders. (*Picone* v. *City of New York,* 176 Misc. 967; see *Syracuse Intercepting Sewer Bd.* v. *Fidelity & Deposit Co.,* 255 N. Y. 288, 294.) The record indicates that petitioner had been guilty of delays and lack of co-operation on prior contracts with the State and that it had performed poorly upon prior projects. Therefore, there was a rational basis for finding petitioner not to be the lowest responsible and reliable bidder.

Further, we find no error in the manner in which the decision of the Commissioner was made (see Public Buildings Law, § 8, subd. 6). The judgment of Special Term must, therefore, be reversed.

The judgment should be reversed, on the law and the facts, and petition dismissed, with costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, with costs.