■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RYAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Beisner, J.), rendered February 27, 1985, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) and driving in a no passing zone in violation of Vehicle and Traffic Law § 1126 (a), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94).

Furthermore, where, as here, the court's findings are supported by the evidence and a review of the record indicates that the Judge made every effort to be fair, the claim of the Trial Judge's bias is without merit *(see, Bubbins v Bubbins,* 114 AD2d 346; *United States v Agilar,* 779 F2d 123, *cert denied* 475 US 1068). The record further indicates that the Judge was justified in disciplining the defendant for his tardiness and he conducted the trial in a fair and objective manner.

We have examined the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.