■ In the Matter of BROWNING-FERRIS INDUSTRIES OF NEW YORK, INC., Appellant, v CITY OF LACKAWANNA et al., Respondents. [612 NYS2d 732] —Judgment unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner seeks a judgment annulling the determination of respondent City of Lackawanna (City) that awarded a contract to Integrated Waste Systems, Inc. (IWS) for disposal of garbage, rubbish and solid waste generated within the City. Additionally, petitioner seeks a direction that the City award the contract to petitioner or rebid the contract. Petitioner contends that the City's determination is arbitrary and capricious and constitutes an abuse of discretion. Specifically, petitioner contends that the City improperly considered the distance from the Lackawanna City garage to each bidder's disposal site because that criterion was not specified in the contract documents. The City responds that it properly considered that criterion inasmuch as mileage and travel time would enter into the calculations to determine which bid resulted in the lowest actual cost to the City. Petitioner further contends that the assignment by the City of a meaning of the term "disposal site" other than that commonly understood by bidders experienced in the waste disposal industry constituted a misleading defect in the bid specifications. Supreme Court rejected petitioner's contentions and dismissed the petition. We reverse.

It is well settled that a municipal service contract is governed by the provisions of article 5-A of the General Municipal Law, which are designed "with the dual purposes of fostering honest competition * * * and also to guard against favoritism, improvidence, extravagance, fraud and corruption" *(Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 31, *affd on opn below* 46 NY2d 960). To promote those purposes, a municipality is obligated, "in advance of bidding, to convey in precise terms to prospective bidders the exact basis on which the contract will be awarded, so that each such bidder will be

enabled to make an intelligent evaluation and bid" *(Matter of Suffolk Roadways v Minuse,* 19 AD2d 888, 889; *see also, Matter of Progressive Dietary Consultants v Wyoming County,* 90 AD2d 214, 217). Furthermore, the municipality "is required to furnish specifications which state the nature of the work as definitely as practicable and which contain all the information necessary to enable bidders to prepare their bids" and "[i]t must award the contract on the basis provided for in the specifications and determine the 'lowest responsible bidder' in accordance with the specifications" *(Matter of Progressive Dietary Consultants v Wyoming County, supra,* at 217).

Here, the specifications failed to state that the City would consider the distance from the City garage to each bidder's disposal site in calculating which bid resulted in the lowest cost to the City. The City determined IWS to be the lowest responsible bidder and awarded the contract to IWS based on a material criterion not disclosed in the specifications. Thus, the City failed to furnish specifications that contained all the information necessary to enable the bidders to make an intelligent evaluation and bid and placed IWS at an unfair advantage. Therefore, while the City has discretion in determining the "lowest responsible bidder", it acted contrary to law when it awarded the contract to IWS based in part on an undisclosed specification and its determination must be annulled.

The contract should not be awarded to petitioner, however, because petitioner does not have a "clear legal right" to that relief *(Matter of Harris v Warde,* 58 AD2d 51, 54). Consequently, the petition is granted to the extent that the determination of the City is annulled and the City is "directed to seek new bids for the contract pursuant to law" and consistent with this decision *(Matter of Progressive Dietary Consultants v Wyoming County, supra,* at 219).

Finally, in view of our determination, we do not address the remaining contentions proffered by petitioner. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Article 78.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.