◼ In the Matter of N.J.D. ELECTRONICS, INC., Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [612 NYS2d 577] —Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered January 26, 1993, which upheld the October 20, 1992 decision of the New York City Health and Hospitals Corporation Panel of Contractor Responsibility that the petitioner was not a responsible bidder, and which denied and dismissed the petition seeking to annul that determination, unanimously affirmed, without costs.

The IAS Court neither denied petitioner due process nor committed other reversible error in upholding the determination of the New York City Health and Hospitals Corporation (HHC) Panel of Contractor Responsibility that the petitioner was not a responsible bidder on two contracts for electrical work at hospitals administered by HHC, based upon information revealed, both during HHC's investigation and an independent investigation by the Department of General Services, that petitioner's principal's prior guilty plea in Criminal Court, Kings County, to disorderly conduct, was, in fact, in settlement of a felony charge of attempted bribery in the second degree arising from petitioner's principal having bribed a City inspector to overlook electrical code violations.

"The courts have long recognized the wide authority vested

in municipal agencies to make contract proposals that are required by the public interest. In determining the lowest responsible bidder, 'the municipal agency charged with the function is rightfully concerned with the bidder's responsibility—an elastic word which includes considerations of skill, judgment and integrity.' " *(Matter of Positive Transp. v City of N. Y. Dept. of Transp.,* 183 AD2d 660, 661, quoting *Abco Bus Co. v Macchiarola,* 75 AD2d 831, 833 [Hopkins, J., dissenting], *revd for reasons stated in dissent* 52 NY2d 938, *cert denied* 454 US 822.) Courts have therefore upheld as rational agency decisions disqualifying bidders as non-responsible based upon criminal convictions *(Matter of Omega Transp. Co. v Aiello,* 52 NY2d 939), criminal indictments *(Matter of Zara Contr. Co. v Cohen,* 23 AD2d 718), and, as here, the mere investigation of corrupt activities in connection with public contracts *(Matter of Konski Engrs. v Levitt,* 69 AD2d 940, 942, *affd* 49 NY2d 850).

The IAS Court properly determined that it was neither arbitrary nor capricious for the Panel of Contractor Responsibility to uphold HHC's determination that the petitioner was not a responsible bidder, based upon information revealed, both during its investigation and that of the Department of Social Services, that the petitioner's principal's disorderly conduct plea arose out of felony charge that he had bribed a City inspector to overlook electrical code violations, since it is well settled that "[o]nce a rational basis for [the agency's] determination is found to exist, the court's power to interfere in the award of a contract arising out of the bidding process is ended." (75 AD2d, *supra,* at 833 [Hopkins, J., dissenting].)

Nor did the IAS Court violate petitioner's due process rights in rejecting its contract bids, since the record reveals that petitioner had notice of the hearing and the opportunity to fully address and rebut, both in writing and at the hearing, HHC's legitimate concerns with respect to the underlying criminal charge against the petitioner's principal for bribing a City inspector which formed the basis for the petitioner's principal's subsequent plea to disorderly conduct *(Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 443-444).

Nor was HHC's review of the charge of bribery in the second degree, as petitioner contends, in violation of CPL 160.50 and 160.60, which govern the termination of a criminal action in "favor" of the accused, since the petitioner's principal's acknowledged guilty plea to the disorderly conduct violation does not constitute a favorable termination *(People v*

*Ryan,* 127 Misc 2d 138, 141, *affd on other grounds* 161 AD2d 677; *Matter of Morgenthau v Becker,* 102 Misc 2d 507, 514).

We have considered the petitioner's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Rubin and Williams, JJ.