■ In the Matter of TULLY CONSTRUCTION Co., INC., Respondent-Appellant, v ALAN G. HEVESI, as Comptroller of the City of New York, et al., Appellants-Respondents. [625 NYS2d 531] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered on or about September 12, 1994, which granted the within CPLR article 78 petition seeking to annul a determination of the Mayor, dated March 29, 1994, declining to direct the Comptroller to register a contract between the petitioner and the Department of General Services of the City of New York (the subject contract), and to direct the Comptroller to register the subject contract, and which denied the petitioner's application for an injunction enjoining the City from debarring petitioner from other municipal contracts, unanimously modified, on the law, to the extent of dismissing the petition and confirming the March 29, 1994 determination of the Mayor declining to direct the Comptroller to register the subject contract, and otherwise affirmed, without costs.

We find that the IAS Court erred in granting the article 78 petition, where, as here, the record reveals that the determination of the Mayor not to require registration of the subject contract, based upon the objections of the Comptroller, had a rational basis *(Matter of Pell v Board of Educ.,* 34 NY2d 222).

The evidence considered by the Comptroller and the Mayor, including the petitioner's connection, based upon the sworn declaration of an agent of the Federal Bureau of Investigation, to organized crime, the petitioner's alleged violations of New Jersey waste disposal laws, as well as the petitioner's failure to make accurate disclosure on its Vendex forms and failure to comply with the Comptroller's investigative subpoenas with respect to illegal waste disposal, support the determination by the Mayor that the petitioner, having engaged in "corrupt activity" under New York City Charter § 328 (c), is not a responsible bidder entitled to an award of the subject municipal contract *(Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer,* 195 AD2d 923, *lv denied* 82 NY2d 660;

*Abco Bus Co. v Macchiarola,* 75 AD2d 831, 833, *revd. on dissenting mem and on other grounds* 52 NY2d 938).

Section 328 (c) of the New York City Charter, as added in 1989, and the Minutes of the New York City Charter Revision Commission of May 13, 1989 authorize the Comptroller and the Mayor to reject a bidder, even, as here, after the award of the contract, on the ground that the bidder has failed to manifest the requisite integrity to perform the contract *(Matter of Konski Engrs. v Levitt,* 69 AD2d 940, *affd* 49 NY2d 850, *cert denied* 449 US 840; *Matter of Dentom Transp. v New York City Human Resources Admin.,* 155 Misc 2d 31; NY City Charter § 328 [c]).

Nor did the determination of the Mayor not to require registration of the subject contract deny petitioner due process of law since, in reaching a determination of nonresponsibility, written submissions, rather than an evidentiary hearing, are sufficient to satisfy the necessary requirements of due process *(Matter of NANCO Envtl. Servs. v Jorling,* 172 AD2d 1, 7, *lv denied* 80 NY2d 754; *Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 443-444). The availability of an article 78 proceeding at the conclusion of the administrative process also satisfies any due process hearing requirements *(Katz v Klehammer,* 902 F2d 204, 207; *Campo v New York City Employees' Retirement Sys.,* 843 F2d 96, 101, *cert denied* 488 US 889). Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.