■ In the Matter of MID-STATE INDUSTRIES, LTD., Petitioner, v CITY OF COHOES et al., Respondents. [633 NYS2d 238] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Contract and Supply of the City of Cohoes which found that petitioner was not the lowest responsible bidder on a municipal project and awarded the contract to another bidder.

In July 1994 petitioner, a roofing contractor located in Schenectady County, submitted the lowest bid on rehabilitation of the roof of the Cohoes City Hall in Albany County. Despite this fact, petitioner was informed by the City that the contract was awarded to the second lowest bidder since the City did not consider petitioner to be the lowest responsible bidder. In this proceeding, which Supreme Court transferred to this Court, petitioner contends that the award of the contract to the other bidder was made in the absence of stated reasons and without affording petitioner the opportunity to be heard.

It appears that petitioner was debarred for five years from bidding on projects like the City's (*see,* Labor Law § 220-b [3] [b]) and the debarment ended June 22, 1994. It also appears that petitioner's debarment resulted from a plea of guilty to a felony charge of offering a false instrument for filing based on petitioner's failure to pay the prevailing wage rate to eight of its employees; petitioner's president, and sole officer, pleaded guilty to a misdemeanor on the same charge. The debarment and criminal convictions arose out of the same acts committed on the part of petitioner.

Petitioner contends that it was not until after the contract was awarded to the other bidder that the City considered petitioner's prior convictions. The City claims that its determination denying the contract to petitioner was based on a recommendation of its engineer, who based his opinion on petitioner's prior convictions as well as newspaper accounts of the determination by the State Inspector General, which found that petitioner had problems completing public works projects. The City contends that notice of its denial was sent to petitioner the day after its determination was made and written reasons were forwarded eight days later. The City further contends that it did not issue a notice to proceed with the contract until after a hearing was conducted by respondent City of Cohoes Board of Contract and Supply (hereinafter the Board). Based upon the hearing, the Board unanimously determined that petitioner was not the lowest responsible bidder for the City's project.

The decision on the part of a municipality as to the award of bids on public projects does not involve substantial evidence (*see, Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465). The determination depends on whether the City's exercise of discretion in regard to awarding the contract was arbitrary or capricious or otherwise violated statutory mandates (*see, Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer*, 80 NY2d 232, 237-238). Although the transfer to this Court by Supreme Court was improper, we will decide the issue on the record in the interest of judicial economy (*see, Matter of Dubb Enters. v New York State Liq. Auth.*, 187 AD2d 831, 832).

As there is no vested right in the award of a public works contract, a municipality retains the discretion to reject one or more bids where good reason to do so exists (*see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148-149), and a municipality may consider "a bidder's honesty, integrity, good faith and fair dealing" (*Matter of La-Corte Elec. Constr. & Maintenance v County of Rensselaer*, 195 AD2d 923, *lv denied* 82 NY2d 660). Based on petitioner's past history of dishonest work practices and inadequate performance of prior public works contracts, the Board could rationally conclude that petitioner was not the lowest responsible bidder (*see, e.g., Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer, supra*, at 237-238). Contrary to petitioner's contention, the municipality is permitted to continue investigating petitioner's background (*see, Matter of Lord Elec. Co. v Litke*, 122 Misc 2d 112) and, in any event, the mere fact of petitioner's prior criminal convictions and willful

violations of the Labor Law provide a rational basis for the City's determination of nonresponsibility. We also find no merit to petitioner's argument that the determination of nonresponsibility implicitly extends petitioner's period of debarment or unlawfully splinters the penalties that may be assessed against petitioner for previous Labor Law violations (*cf.*, *Matter of Hull Corp. v Hartnett*, 77 NY2d 475). The record convincingly demonstrates that petitioner was not denied due process (*see*, *Matter of Tully Constr. Co. v Hevesi*, *supra*). Accordingly, the determination should be confirmed and the petition dismissed.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.