■ MUNICIPAL TESTING LABORATORY, INC., Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Re-

spondent. [649 NYS2d 426] —Order, Supreme Court, New York County (David Saxe, J.), entered March 1, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondent Transit Authority's award of a contract to another company and to direct the Authority to award the contract to petitioner, and dismissed the petition, unanimously affirmed, without costs.

The award of the subject contract, which concededly was not required to be to the "lowest responsible bidder" after sealed public bidding (Public Authorities Law § 1209 [1]), was a matter within the Authority's discretionary management of its operations, and therefore not justiciable absent an indication that the Authority disregarded its own guidelines (*see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo*, 64 NY2d 233, 239, citing, *inter alia, Matter of Abrams v New York City Tr. Auth.*, 39 NY2d 990, 992). Even if justiciable, the Authority's determination had a rational basis in its audit, which revealed that petitioner may have overcharged it in a previous contract, had engaged in questionable billing practices, and had employed certain individuals who lacked the requisite certification or education. Further, the second lowest bidder, to whom the contract was eventually awarded, offered a bid almost identical to petitioner's, had satisfactorily performed prior contracts, and has offices around the world, giving the Authority reason to believe that its travel-related expenses would be lower than petitioner's. Therefore, respondent's determination should not be disturbed (*see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 149). Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.