■ In the Matter of AAA CARTING AND RUBBISH REMOVAL, INC., Respondent, v TOWN OF SOUTHEAST et al., Respondents, and SANI-PRO DISPOSAL SERVICES CORP., Doing Business as SUBURBAN CARTING, Appellant. [902 NYS2d 659]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Southeast awarding a refuse hauling contract to Sani-Pro Disposal Services Corp., doing business as Suburban Carting, the appeal is from (1) a decision of the Supreme Court, Putnam County (O'Rourke, J.), dated December 1, 2009, and (2) a judgment of the same court, also dated December 1, 2009, which, upon the decision, granted the petition, annulled the determination, and directed the Town Board of the Town of Southeast to award the contract to the petitioner.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the petitioner-respondent.

The Town Board of the Town of Southeast (hereinafter the Town Board) solicited bids for a refuse disposal contract. The appellant, Sani-Pro Disposal Services Corp., doing business as Suburban Carting (hereinafter Suburban Carting), and the petitioner, AAA Carting and Rubbish Removal, Inc. (hereinafter AAA Carting), both submitted bids. Although AAA Carting's bid was lower, the Town Board awarded the contract to Suburban Carting on the basis that Suburban Carting could offer superior service and therefore was the lowest responsible bidder. AAA Carting commenced this CPLR article 78 proceeding to review that determination. The Supreme Court granted the petition, annulled the determination, and directed the Town Board to award the contract to AAA Carting. We reverse.

A court reviewing a CPLR article 78 petition may not substitute its judgment for that of the administrative or munic-

ipal body unless that body's decision is arbitrary and capricious or its exercise of discretion lacks a rational basis (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 232 [2007]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]; *Matter of Claudia E. v Ryan*, 61 AD3d 865 [2009]; *Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead*, 48 AD3d 567 [2008]; *Matter of Blanco v Selsky*, 45 AD3d 679, 680 [2007]). It is not a court's role to weigh the desirability of any action or to choose among alternatives (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232; *Matter of El Camino Trucking Corp. v Martinez*, 21 AD3d 491 [2005]).

General Municipal Law § 103 (1) provides that, in awarding any contract in excess of the sum of $10,000, public entities must award the contract to "the lowest responsible bidder." However, the "lowest responsible bidder" is an " 'elastic' " concept including " 'considerations of skill, judgment and integrity' " (*Matter of Positive Transp. v City of N.Y. Dept. of Transp.*, 183 AD2d 660, 661 [1992], quoting *Abco Bus Co. v Macchiarola*, 75 AD2d 831, 833 [1980], *revd* 52 NY2d 938 [1981], *cert denied* 454 US 822 [1981] [Hopkins, J., dissenting]). Accordingly, a municipality "may investigate the experience and background of the bidder" (*Matter of Eldor Contr. Corp. v Town of Islip*, 277 AD2d 233, 234 [2000]; *see Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465 [1995]; *Matter of Lauvas v Town of Bovina*, 86 AD2d 694, 695 [1982]; *cf. Matter of Construction Contrs. Assn. of Hudson Val. v Board of Trustees, Orange County Community Coll.*, 192 AD2d 265, 269 [1993]). Municipalities need not give "[s]lavish attention to financial considerations alone" (*Matter of Construction Contrs. Assn. of Hudson Val. v Board of Trustees*, 192 AD2d at 267). Instead, "where good reason exists, the low bid may be disapproved or, indeed, all the bids rejected" (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148 [1985]). Where a municipality exercises its discretion to reject one or more bids, that decision "ought not to be disturbed by the courts unless [it is] irrational, dishonest or otherwise unlawful" (*id.* at 149).

In this case, the Town Board cannot be said to have acted arbitrarily or capriciously in awarding the contract to Suburban Carting rather than AAA Carting (*see Matter of Positive Transp. v City of N.Y. Dept. of Transp.*, 183 AD2d at 661; *Matter of Eldor Contr. Corp. v Town of Islip*, 277 AD2d at 234-235; *Matter of Quest Diagnostics Inc. v County of Suffolk*, 21 Misc 3d 944, 952 [2008]). Accordingly, the Supreme Court erred in substituting

its judgment for that of the Town Board and annulling the award of the contract to Suburban Carting (*see Matter of Riverkeeper, Inc., v Planning Bd. of Town of Southeast*, 9 NY3d at 232; *Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead*, 48 AD3d at 567; *El Camino Trucking Corp. v Martinez*, 21 AD3d at 491).

In light of our determination, we need not reach the parties' remaining contentions. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.