[951 NE2d 57, 927 NYS2d 618]

In the Matter of AAA CARTING AND RUBBISH REMOVAL, INC., Appellant, v TOWN OF SOUTHEAST et al., Respondents, and SANI-PRO DISPOSAL SERVICES CORP., Doing Business as SUBURBAN CARTING, Respondent.

Argued May 3, 2011; decided June 9, 2011

**POINTS OF COUNSEL**

*Robinson Brog Leinwand Greene Genovese & Gluck, P.C.*, New York City (*John D. D'Ercole, Nicholas R. Caputo* and *Daniel J. Kelman* of counsel), for appellant. I. The Appellate Division erred because neither "good reason" nor a rational basis supports the conclusion that AAA Carting and Rubbish Removal, Inc. was not the lowest responsible bidder for the contract and, therefore, the Town of Southeast's award of the contract to Suburban Carting violated General Municipal Law § 103. (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144; *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187; *Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56; *Matter of Diamond Asphalt Corp. v Sander*, 92 NY2d 244; *Matter of Dellwood Foods v Board of Educ. of Hendrick Hudson School Dist.*, 97 Misc 2d 751; *Matter of Caristo Constr. Corp. v Rubin*, 30 Misc 2d 185, 15 AD2d 561, 10 NY2d 538; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Matter of Silk v Caputa*, 21 Misc 2d 899; *Matter of Elwood Invs. Co. v Behme*, 79 Misc 2d 910; *Matter of Warren Bros. Co., Div. of Ashland Oil & Ref. Co. v Craner*, 30 AD2d 437.) II. The trial

court did not err in ordering that the contract be awarded to AAA Carting and Rubbish Removal, Inc. based upon its determination that AAA Carting was the lowest responsible bidder. (*Matter of Luboil Heat & Power Corp. v Pleydell*, 178 Misc 562; *Matter of Browning-Ferris Indus. of N.Y. v City of Lackawanna*, 204 AD2d 1047; *Matter of Progressive Dietary Consultants of N.Y. v Wyoming County*, 90 AD2d 214; *Matter of Family Auction Mkts., Inc. v Hill*, 283 App Div 824.)

*Law Office of Joseph P. DePaola*, Brewster (*Joseph P. DePaola* of counsel), for Town of Southeast and others, respondents. I. The Town of Southeast's decision to award the contract to Suburban Carting cannot be disturbed because the Town had a reasonable and rational basis for its decision. (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219; *Matter of Gandolfo v White*, 224 AD2d 526; *Matter of Schettino Serv. Corp. v Holbrook*, 218 AD2d 741; *Matter of C. K. Rehner, Inc. [City of New York]*, 106 AD2d 268; *Matter of Meyer v Board of Educ., Union Free School Dist. No. 7, Great Neck*, 31 Misc 2d 407; *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144; *Matter of Eldor Contr. Corp. v Town of Islip*, 277 AD2d 233; *Matter of Positive Transp. v City of N.Y. Dept. of Transp.*, 183 AD2d 660; *Matter of Limitone v Galgano*, 21 Misc 2d 376; *Matter of K & M Turf Maintenance [Gallo]*, 166 AD2d 445.) II. The trial court did not have the authority to direct the Town of Southeast to award the contract to AAA Carting and Rubbish Removal, Inc. because absent some evidence of fraud, this authority is exclusively reserved for the municipality. (*Burke's Auto Body v Ameruso*, 113 AD2d 198.)

*Tashjian & Padian*, New York City (*Gerald Padian* of counsel), and *Curtiss & Liebell, P.C.*, Carmel (*Timothy J. Curtiss* of counsel), for Sani-Pro Disposal Services Corp., respondent. I. The Town of Southeast had a rational basis for determining that appellant was not the lowest responsible bidder pursuant to Town Law § 122 and General Municipal Law § 103. (*Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56; *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144; *Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51; *Matter of Positive Transp. v City of N.Y. Dept. of Transp.*, 183 AD2d 660; *Abco Bus Co. v Macchiarola*, 75 AD2d 831, 52 NY2d 938, 454 US 822; *Matter of Eldor Contr. Corp. v Town of Islip*, 277 AD2d 233; *Matter of DeFoe Corp. v New York City Dept. of Transp.*, 87 NY2d 754; *Matter of*

*Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 9 NY3d 219; *Syracuse Intercepting Sewer Bd. v Fidelity & Deposit Co.,* 255 NY 288; *Matter of Haskell-Gilroy, Inc. v Young,* 20 Misc 2d 294, 10 AD2d 629, 717.) II. The Town of Southeast was not required to hold a hearing or issue findings of fact pursuant to General Municipal Law § 103. (*Quain v Buzzetta Constr. Corp.,* 69 NY2d 376; *Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer,* 80 NY2d 232; *Matter of B. Milligan Contr. v State of New York,* 251 AD2d 1084; *Matter of Eldor Contr. Corp. v Town of Islip,* 277 AD2d 233; *Matter of K & M Turf Maintenance [Gallo],* 166 AD2d 445; *Matter of Haskell-Gilroy, Inc. v Young,* 20 Misc 2d 294; *Matter of Dellwood Foods v Board of Educ. of Hendrick Hudson School Dist.,* 97 Misc 2d 751; *Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 68 NY2d 610; *Matter of Tilles v Williams,* 119 AD2d 233; *Matter of Consolidated Edison Co. of N.Y. v Public Serv. Commn.,* 63 NY2d 424, 470 US 1075.)

**OPINION OF THE COURT**

CIPARICK, J.

In this CPLR article 78 proceeding to annul a determination of a town board, the question presented is whether the town board acted arbitrarily and capriciously and in violation of law in awarding a public bidding contract to other than the lowest responsible bidder. We conclude that General Municipal Law § 103 and Town Law § 122 preclude a town, in an open bidding process, from choosing a higher bid merely because it subjectively believes that a higher bidder is preferable and more responsible than a lower bidder based on criteria not set forth in the bidding proposal.

The Town of Southeast's existing contract for residential refuse removal services, held by Advanced Waste Systems, was due to expire on December 31, 2009. In the hope of capitalizing on competitive forces in the waste removal business, the Town Board (consisting of four Councilmembers and one Supervisor), in July 2009, sought competitive bids from qualified contractors to handle the Town's waste removal needs. On July 8, 2009, the Town published a document titled "Information for Bidders and Contract Documents, Specifications & Proposal for the Collection of Refuse, Garbage, Recyclable Materials and Bulk Collection Contract" (the bid request). The bid request set forth the qualifications that the Town required from the prospective contractor. Those qualifications included, among other things,

that the work of the contractor be done in a prompt, proper, and workmanlike manner, that the contractor provide operating and safety training for its personnel, that the contractor's equipment be maintained in safe and sanitary condition, and that it have available reserve equipment that can be put into operation within two hours of a breakdown. The Town Board set August 5, 2009, as the deadline for the submission of bids and reserved the right to reject all bids and readvertise.

The Town Board received three bids. AAA Carting and Rubbish Removal, Inc. (AAA) submitted a bid for $1,210,500 per year, Sani-Pro Disposal Services Corp., doing business as Suburban Carting (Suburban), submitted a bid for $1,496,205 per year, and Advanced Waste Systems submitted a bid for $1,692,306.80 per year. The Town Board, after reviewing the bids, undertook a due diligence procedure, which included visits to AAA and Suburban.[1]

On August 27, 2009, Councilmember Paul Johnson visited AAA. His report concerning that visit provided at its conclusion: "I believe that AAA can reasonably be construed as being 'responsible' in addition to being the lowest bidder . . . They have the experience, the capital and infrastructure to execute the Southeast Contract." On September 2, 2009, Councilmembers Johnson and Richard Honeck visited Suburban. In their report concerning that visit, they noted that Suburban's fleet of trucks was newer than AAA's, that Suburban had a strong commitment to safety, and "[t]he operations, cleanliness, professionalism and process are head-and-shoulders superior to that of AAA."

On September 24, 2009, the Town Board held a meeting. At that meeting, Town Supervisor Michael Rights proposed a resolution, seconded by Councilmember Dwight Yee, to award the residential refuse removal contract to AAA, the lowest responsible bidder. The resolution was defeated three to two. Later, Councilmember Johnson proposed an alternate resolution seconded by Councilmember Honeck, to award the contract to Suburban. The resolution provided that "the Town Board has found that qualitative factors, such as safety, professionalism and the availability of spare vehicles are critical to ensure that

---

1. The Town Board did not perform due diligence concerning the bid by Advanced Waste Systems, both because it was the highest bidder and because it had been performing the waste removal for the Town, and the Town Board was well aware of its operations.

the contract is executed in a consistent, safe and quality manner."

There was discussion regarding the resolution to award the contract to Suburban prior to holding a vote. During that discussion, Councilmember Yee and Town Supervisor Rights expressed grave concern that the Town was awarding the contract to a higher bidder. Representatives for AAA were also present and voiced opposition to the resolution. The resolution passed three to two. The Councilmembers who voted in favor of the resolution noted that safety and reliability were determinative factors in their selection of the higher bid. While casting his vote in favor of the resolution, Councilmember Johnson stated that "the lowest responsible bidder, when taking into consideration all the other qualitative factors, is [Suburban]." At no time during that meeting, or at any other time prior to the resolution and vote awarding the contract to Suburban, was there any statement that AAA did not adequately fulfill any of the requirements as set forth in the bid request.

After its bid was rejected, AAA sent a letter to Town Supervisor Rights objecting to the Town Board's decision to award the contract to Suburban and requesting an explanation as to why its bid was considered not responsible. AAA received no response to this letter. After communicating with Town counsel, AAA filed a petition, pursuant to CPLR article 78, to set aside the award of the contract to Suburban and to direct the Town to award the contract to AAA.

In response to that petition, Councilmember Honeck provided in his affidavit that in "mak[ing] [his] ultimate decision as to which firm would be most capable of providing for the needs of the residents of the Town of Southeast," he was "helped" by an "impressive presentation" by Suburban, some of the highlights of which were that Suburban conducted monthly training meetings and safety inspections, utilized a specific computer program for reports of accidents and violations, conducted regular alcohol and drug screening of its employees, was a union shop with uniformed employees, and had a large inventory of practically new equipment and a maintenance department with parts that were replenished daily. Additionally, Councilmember Johnson provided in his affidavit that "we as a Town Board chose a contractor that is more qualified, more 'responsible and

responsive', and who will provide a higher level of service at a slightly higher monthly cost over the apparent low bidder."[2]

In response, Pasquale Cartalemi, the office manager for AAA, argued that AAA was equally qualified as Suburban in many of the criteria that the Town Board found compelling, and that AAA could have provided information regarding these criteria had it been requested to do so.

Supreme Court granted the petition finding that "[t]he award to Suburban is not based on substantial evidence, is arbitrary and capricious, represents an abuse of discretion . . . [and] violates [section] 103 of the [General] Municipal Law and [section] 122 of the Town Law." The Appellate Division reversed, holding that the Town had not acted arbitrarily or capriciously in awarding the contract to Suburban (*see Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast*, 74 AD3d 959, 960 [2d Dept 2010]). It noted that in determining the lowest responsible bidder, the Town could investigate the skill, judgment, and experience of the bidders (*see id.*). The court further opined that "[w]here a municipality exercises its discretion to reject one or more bids, that decision 'ought not to be disturbed by the courts unless [it is] irrational, dishonest or otherwise unlawful' " (*id.*, quoting *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 149 [1985]). We granted AAA leave to appeal (15 NY3d 714 [2010]) and now reverse.

Pursuant to Town Law § 122 and General Municipal Law § 103, all contracts for public work must be awarded to "the lowest responsible bidder."[3] The central purposes of New York's competitive bidding statutes are the "(1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts" (*Matter of New*

---

2. It should be noted that the "slightly higher monthly cost" would have resulted in an additional cost of $857,115 to the Town of Southeast taxpayers over the three-year period of the contract and an additional $571,410 if extended for an additional two years as per the contract renewal options.

3. Town Law § 122 provides that "[e]very officer, board or agency of a town shall let all contracts for public work and all purchase contracts to the lowest responsible bidder after advertisement for bids where so required by section one hundred three of the general municipal law."

General Municipal Law § 103 (1) provides in pertinent part that "all contracts for public work . . . shall be awarded by the appropriate officer, board or agency of a political subdivision . . . to the lowest responsible bidder."

*York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996]). It is well settled that the bidding statutes are to be construed strictly in order to achieve those purposes (*see Matter of Diamond Asphalt Corp. v Sander*, 92 NY2d 244, 259 [1998]) and that rejection of the lowest bid carries with it the "inevitable implication of nonresponsibility" for the rejected bidder (*Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer*, 80 NY2d 232, 236 [1992]).

In determining the responsibility of a bidder, an administrative agency or municipality should consider the bidder's "skill, judgment and integrity" (*Matter of DeFoe Corp. v New York City Dept. of Transp.*, 87 NY2d 754, 763 [1996]) and "where good reason exists, the low bid may be disapproved" (*Matter of Conduit & Found. Corp.*, 66 NY2d at 148). Here, the record before the Town Board was devoid of good reason for rejecting the low bid from AAA. The disapproval, as stated by the Town Board, was based on criteria not contained in the bidding proposal. Inclusion of those criteria would have ensured that every bidder had the information necessary to make an intelligent evaluation and bid (*see Matter of Suffolk Roadways v Minuse*, 19 AD2d 888, 889 [2d Dept 1963]; *see also Matter of Browning-Ferris Indus. of N.Y. v City of Lackawanna*, 204 AD2d 1047, 1048 [4th Dept 1994]; *Matter of Progressive Dietary Consultants of N.Y. v Wyoming County*, 90 AD2d 214, 217 [4th Dept 1982]). In this instance, none of the qualitative factors that the Town Board identified were in the bid request. Accordingly, it was improper for the Town Board to award the contract based on these qualitative factors. A contract subject to the competitive bidding statutes must be awarded to the lowest responsible bidder who fulfills the specifications contained in the proposal. In this case, it was AAA.

What the Town did in essence was to award the contract to a vendor it believed to be *more* responsible. However, nowhere was it stated, prior to AAA filing its petition, that AAA was not a responsible bidder.[4] In fact, the contrary is true. After his site visit, Councilmember Johnson opined that AAA was a responsible

---

4. Respondents make several arguments that AAA was not a responsible bidder, including claims that AAA allegedly did not complete the bid questionnaire, that AAA did not have sufficient equipment and that AAA was not properly licensed in Putnam County. However, these arguments were never raised on the record prior to rejecting AAA's bid. In fact, these arguments were only raised after AAA brought its petition and therefore cannot be

bidder noting that "[t]hey have the experience, the capital and infrastructure to execute the . . . Contract." Absent a finding of lack of responsibility, there is no authority to support the Town Board's rejection of AAA's bid for one that is considered *more* responsible.

I agree with the dissent that a municipality enjoys "flexibility and discretion" (dissenting op at 147) in its decision-making process. However, accepting a higher bid based on subjective assessment of criteria not specified in the bid request gives rise to speculation that favoritism, improvidence, extravagance, fraud or corruption may have played a role in the decision. One of the primary purposes of the competitive bidding statutes is to guard against such factors (*see Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am.*, 88 NY2d at 68). Furthermore, allowing the Town Board to consider additional criteria not specified in the bid request effectively circumvents the open bidding process. "The public bidding process must be protected from creative efforts by a municipality, as here, to skate around the process, however well intentioned the [Town's] policy, fiscal or practicality grounds" (*Matter of Diamond Asphalt Corp.*, 92 NY2d at 264). Nothing in the record before the Town Board suggests that AAA was anything other than responsible.

This is not to say that the additional criteria that the Town Board considered in making its decision do not reflect legitimate concerns. If the Town wishes to have these qualitative factors considered, the proper remedy is not to reject the lowest responsible bid, but to reject all the bids submitted and begin the process anew, incorporating whatever reasonable and nonrestrictive requirements it wishes to consider into the bid solicitation (*see Matter of Conduit & Found. Corp.*, 66 NY2d at 149 ["statutory law specifically authorizes the rejection of all bids and the readvertisement for new ones"]; *see also* General Municipal Law § 103 [1]).

In conclusion, the Town Board acted arbitrarily, capriciously, and in violation of the provisions of General Municipal Law

considered by this Court (*see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982] ["A fundamental principle of administrative law long accepted by this court limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis"]). It is impermissible for respondents to raise issues in a court proceeding that were not raised on the record at the time of the passage of the resolution.

§ 103 and Town Law § 122 in awarding the contract to Suburban rather than to AAA.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

PIGOTT, J. (dissenting). General Municipal Law § 103 (1) and Town Law § 122 require that public work contracts be awarded "to the lowest responsible bidder." The majority holds, for the first time, that a contract subject to such competitive bidding statutes must be awarded to the lowest bidder that meets the express bid specifications, regardless of whether the municipality, exercising discretion, considers it to be a *responsible* bidder. This ruling is a mistake, defying precedent and good policy.

The term "responsible bidder" is not defined by statute, but case law gives it a clear meaning. A responsible bidder is one that is able to perform the terms of a contract successfully in all respects. In determining whether a bidder is responsible, a municipal agency has an obligation to consider the bidder's skill, judgment, and business integrity (*Matter of DeFoe Corp. v New York City Dept. of Transp.*, 87 NY2d 754, 763 [1996]). Because such qualities do not admit of reduction to a checklist, we have accepted that "responsibility" is "an elastic word" (*Abco Bus Co. v Macchiarola*, 75 AD2d 831, 833 [2d Dept 1980, Hopkins, J.P., dissenting], *revd for reasons stated in dissenting mem* 52 NY2d 938 [1981], *cert denied* 454 US 822 [1981]).

Competitive bidding statutes protect the public purse "by obtaining *the best work* at the lowest possible price" (*Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996] [emphasis added]; *see also Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148 [1985]). Only by exercising its sound business judgment on the question whether a bidder is financially and technically responsible can a municipal agency ensure that the best work consistent with a low price is obtained—as opposed to merely adequate work that costs less in the short term, but may cost public money in the future. The dispositive question is always whether it is in the public interest to disapprove a low bid; competitive bidding statutes exist to benefit the public, not contractors. "Neither the low bidder nor any other bidder has a vested property interest in a public works contract" (*Matter of Conduit & Found. Corp.*, 66 NY2d at 148-149).

We have always regarded the municipal agency's duty of determining the lowest responsible bidder as requiring "honest judgment and discretion" (*Syracuse Intercepting Sewer Bd. v Fidelity & Deposit Co.*, 255 NY 288, 294 [1931]; *accord Picone v City of New York*, 176 Misc 967, 969 [Sup Ct, NY County 1941]). Accordingly, we have stated that the standard of review of public work contract awards is deferential. "Although the power to reject any or all bids may not be exercised arbitrarily or for the purpose of thwarting the public benefit intended to be served by the competitive process, *the discretionary decision ought not to be disturbed by the courts unless irrational, dishonest or otherwise unlawful*" (*Matter of Conduit & Found. Corp.*, 66 NY2d at 149 [citations omitted and emphasis added]). I cannot accept the majority's ruling that the Town of Southeast acted unlawfully in selecting Suburban Carting over AAA Carting.

The majority makes much of the fact that Councilmember Johnson, in a report written after visiting AAA Carting's facilities, opined that AAA Carting could reasonably be construed as being "responsible." However, close attention to Johnson's report, the fuller report of Councilmembers Johnson and Honeck following their visit to Suburban Carting's facilities, and an e-mail of Town Supervisor Rights suggests a different picture. Comparison of the AAA Carting and Suburban Carting facilities made it plain to the Town that AAA Carting had, as the Supervisor put it, "insufficient existing infrastructure and capacity." It is true that Johnson and Honeck tended to couch their evaluations in comparative terms: Suburban Carting's "operations, cleanliness, professionalism and process are head-and-shoulders superior to that of AAA [Carting]. It is clear that [Suburban Carting] could deliver a more consistent, reliable and safer service . . . [Suburban Carting's] visibly newer fleet should also translate into fewer breakdowns as well." But what their analysis amounted to was a judgment that AAA Carting was an unprofessional organization that would not be able to ensure the "health, safety and welfare of residents"—in short a finding that AAA Carting was not a responsible bidder. They may well have been wrong, but, on this record, I cannot conclude that their conclusion was unreasonable.

In restricting the duty of a municipal agency to determining whether or not the lowest bidder has promised to fulfil the bid specifications, the majority has stripped municipalities of their sound discretion to decide whether a lowest bidder's undertaking is based on a real ability to perform. This ruling will mean

that contractors will be able to obtain public work simply by bidding low and vowing to comply with bid specifications. The result will be that municipalities will often be forced to accept shoddy work by unprofessional contractors the only virtue of whom is that they are cheap.

Moreover, it is impractical to suppose, as the majority does, that all criteria relevant to responsibility may be specified in the bid request. The case law demonstrates that bidders have been ruled not responsible for a large variety of reasons that will elude easy capture in verbal specifications (*see e.g. Matter of Interstate Indus. Corp. v Murphy*, 1 AD3d 751 [3d Dept 2003] [unresolved investigations by other agencies into alleged organized crime connections]; *Matter of Ciprietti-Tolisano Assoc. v Karnovsky*, 268 AD2d 234 [1st Dept 2000] [failure to disclose information about taxes and corporate status]; *Matter of Deol Elec. Contr. v Barrios-Paoli*, 258 AD2d 327 [1st Dept 1999] [failure to have work inspected by licensed master electrician]; *Matter of Donson Transp. Servs. v County of Broome*, 257 AD2d 825 [3d Dept 1999] [to fulfill the contract, transportation corporation would need to expand its fleet of vehicles in a very brief time frame]; *Romano Enters. of N.Y. v New York City Dept. of Transp.*, 254 AD2d 233 [1st Dept 1998] [bid-rigging scheme on prior contracts, misrepresentation of criminal record]; *Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen. Servs.*, 248 AD2d 861 [3d Dept 1998] [possible insolvency]; *Municipal Testing Lab. v New York City Tr. Auth.*, 233 AD2d 105 [1st Dept 1996] [overcharging in a previous contract, questionable billing practices, and employment of uncertified persons]; *National States Elec. Corp. v City of New York*, 225 AD2d 745 [2d Dept 1996] [falsified records]; *Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465 [1st Dept 1995] [corrupt activity and failure to comply with an investigative subpoena regarding illegal waste disposal]; *Matter of Mid-State Indus. v City of Cohoes*, 221 AD2d 705 [3d Dept 1995] [prior criminal convictions and willful violations of the Labor Law]; *Matter of N.J.D. Elecs. v New York City Health & Hosps. Corp.*, 205 AD2d 323 [1st Dept 1994] [bribery of city inspectors]; *Matter of J. N. Futia Co. v Office of Gen. Servs. of State of N.Y.*, 39 AD2d 136 [3d Dept 1972] [delays, lack of cooperation, and poor performance on prior projects]). In short, the majority ignores our well-established doctrine that evaluation of responsibility requires flexibility and discretion, not simply the unthinking comparison of a bid with a checklist of specifications.

Consequently, I would affirm.

Chief Judge LIPPMAN and Judges GRAFFEO, SMITH and JONES concur with Judge CIPARICK; Judge PIGOTT dissents and votes to affirm in a separate opinion in which Judge READ concurs.

Order reversed, etc.