Matter of Auctions Intl., Inc. v County of Orange (2021 NY Slip Op 04544)





Matter of Auctions Intl., Inc. v County of Orange


2021 NY Slip Op 04544


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-11230
 (Index No. 33384/16)

[*1]In the Matter of Auctions International, Inc., appellant, 
v
County of Orange, et al., respondents.


Anna Jost, Tonawanda, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Carol C. Pierce of counsel), for respondents County of Orange, James P. Burpoe, and Steven M. Neuhaus.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent County of Orange to award a certain contract to the respondent Absolute Auctions and Realty, Inc., the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated September 20, 2016. The order and judgment, insofar as appealed from, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The respondent County of Orange issued a request for proposals (hereinafter RFP) for an auctioneer to conduct certain tax sale auctions. In addition to conducting the auctions, the RFP provided that the auctioneer would be responsible for marketing the properties to be auctioned, among other ways, on the internet and through the creation and distribution of a sales brochure. The RFP provided that the award would be made to "the responsible offeror whose proposal is determined to be in the best interest of the County." The RFP further provided that the County reserved the right to "accept other than the lowest priced offer . . . if in the best interest of the County." The RFP provided that the auctioneer's fees for the annual auction would be paid through a buyer's premium, i.e., a percentage fee paid by a successful bidder on top of the auction price.
The petitioner was one of several entities that responded to the RFP. The County awarded the contract to another applicant, the respondent Absolute Auctions and Realty, Inc. (hereinafter Absolute). The petitioner's response to the RFP, among other things, allegedly offered to charge a lower buyer's premium than the proposal submitted by Absolute.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the County and certain of its officials, and Absolute, alleging that the determination to award the contract to another applicant was arbitrary and capricious, that the County's determination should be annulled for failure to implement a protest process or protest procedure, and that the County failed to properly respond to a request for documents pursuant to the Freedom of Information Law (hereinafter FOIL). The Supreme Court, inter alia, in effect, denied the petition and dismissed the proceeding. The petitioner appeals, and we affirm.
"The central purposes of New York's competitive bidding statutes are the (1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts" (Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 142 [internal quotation marks omitted]). "[P]ublic work contracts that require the exercise of specialized or technical skills, expertise or knowledge are not subject to the sealed, competitive bidding requirements under General Municipal Law § 103 and may instead be awarded using the request for proposals (RFP) process set forth in General Municipal Law § 104-b" (Matter of Omni Recycling of Westbury, Inc. v Town of Oyster Bay, 11 NY3d 868, 869 [citation and footnote omitted]). "In determining the responsibility of a bidder, an administrative agency or municipality should consider the bidder's skill, judgment and integrity and where good reason exists, the low bid may be disapproved" (Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 143 [internal quotation marks omitted]). A party challenging the award of a public contract "has the burden to demonstrate 'actual' impropriety, unfair dealing or some other violation of statutory requirements" (Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., 91 NY2d 51, 55, quoting Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY3d 144, 149). "[A]n award of a contract under General Municipal Law § 104-b is arbitrary and capricious if the municipality evaluates a proposal using a standard that deviates from a standard expressly set forth in the RFP" (Matter of ACME Bus Corp. v Orange County, 28 NY3d 417, 425).
The record establishes that the County evaluated the proposals and awarded the contract in conformity with the standard proposed in the RFP. The selection committee in charge of evaluating the responses to the RFP heard presentations from the petitioner and Absolute, and scored each applicant based upon several criteria, pursuant to which Absolute received a score of 90 points and the petitioner received a score of 80 points. Members of the selection committee viewed a live auction conducted by Absolute and an online auction conducted by the petitioner. At the conclusion of the selection process, the committee determined that Absolute's offer was in the best interest of the County, and offered the contract to Absolute.
The petitioner failed to establish that the County's award of the contract to Absolute was the result of actual impropriety, unfair dealing, or a violation of some other statutory requirement (see Matter of Hello Alert, Inc. v East Moriches Fire Dist., 129 AD3d 966, 968-969). Under these circumstances, the Supreme Court properly determined that the County's award of the contract to Absolute was not arbitrary and capricious (see Matter of Dreier v LaValle, 29 AD3d 790, 791).
The petitioner further failed to establish that the County's determination should be annulled for failure to implement a protest process or protest procedure. The petitioner failed to point to any statute requiring the County to establish a protest process or procedure for the subject contract, and failed to establish that the failure to implement such a process or procedure constitutes a denial of due process.
Finally, the Supreme Court properly determined that the County had not violated FOIL because, at the time the petitioner commenced this proceeding, the County's time to respond to the petitioner's FOIL request had not yet expired. In any event, the record establishes that the County fully responded to the FOIL request during the pendency of this proceeding.
The petitioner's remaining contentions are without merit.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court