Matter of Anthem HealthChoice Assur., Inc. v Campion (2026 NY Slip Op 00828)

Matter of Anthem HealthChoice Assur., Inc. v Campion

2026 NY Slip Op 00828

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 150663/24|Appeal No. 5850|Case No. 2024-06503|

[*1]In the Matter of Anthem HealthChoice Assurance, Inc. Doing Business as Anthem Blue Cross and Blue Shield etc., Petitioner-Appellant,
vRenee Campion, etc., et al., Respondents-Respondents.

Elman Freiberg PLLC, New York (Stephen G. Rinehart of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for Renee Campion, City of New York Office of Labor Relations and the City of New York, respondents.
Kostelanetz LLP, New York (Claude M. Millman of counsel), for Aetna, Inc. and Aetna Life Insurance Company, respondents.
Pillsbury Winthrop Shaw Pittman LLP, New York (Christopher Caffarone of counsel), for Emblemhealth Plan, Inc., Emblemhealth, Inc., Emblemhealth Services Company, LLC, United Healthcare Services, Inc., UnitedHealthcare of New York, Inc., Sierra Health and Life Insurance Company, Inc. and Oxford Health Insurance, Inc., respondents.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered on or about September 19, 2024, which denied the petition to annul the August 2, 2023 determination of respondent The City of New York Office of Labor Relations (OLR) excluding petitioner from further negotiations in a bidding process to provide health benefit services for respondent The City of New York's active employees and their dependents and to annul OLR's September 26, 2023 and October 20, 2023 decisions denying petitioner's protests of the initial decision, denied petitioner's motion for leave to take limited discovery, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
As a threshold matter, the August 11, 2023 challenges to OLR's request for multi-year trend guarantees, request for self-insured administrative-services-only options, and provision of claims data to vendors were made well outside the 10-day period provided for asserting protests (9 RCNY 2-10[a][2]). Thus, petitioner failed to exhaust its administrative remedies as to those issues (see CPLR 7801[1]; Ahmed v City of New York, 44 Misc 3d 228, 238 [Sup Ct, NY County 2014], mod on other grounds 129 AD3d 435 [1st Dept 2015]).
As to the remaining issues, petitioner challenges the scoring of its proposal to give it zero points, the decision not to select it as a finalist for the contract award, and the denials of its protests. However, none of these actions by respondents were arbitrary or capricious, affected by an error of law, or done in violation of lawful procedure, nor did they constitute an abuse of discretion (CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). OLR informed petitioner that its proposal was expected to increase the City's costs and found that petitioner's subsequent submission did not satisfy the cost-savings goal of the solicitation. Thus, in the absence of any anticipated cost savings, it was not irrational for OLR to allot zero points to petitioner's relative cost score. Furthermore, petitioner fails to demonstrate that OLR deviated from the formula of "relativity to best price" (cf. Matter of ACME Bus Corp. v Orange County, 28 NY3d 417, 425 [2016]; Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 144 [2011]). It was also rational for OLR to determine that petitioner's arguments regarding other vendors were speculative and unsupported by the record.
Finally, Supreme Court providently exercised its discretion in denying leave to seek discovery (CPLR 408; see Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67, 74 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]; Matter of L&M Bus Corp. v New York City Dept. of Educ., 71 AD3d 127, 136 [1st Dept 2009], affd as modified 17 NY3d 149 [2011]). Petitioner's arguments in support amount to "no more than an expression of hope insufficient to warrant deferral of judgment pending discovery" (Price v New York City Bd. of Educ., 51 AD3d 277, 293 [1st Dept 2008], lv denied 11 NY3d 702 [2008]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026