■ In the Matter of LACORTE ELECTRICAL CONSTRUCTION AND MAINTENANCE, INC., Appellant, v COUNTY OF SCHOHARIE et al., Respondents.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered September 27, 1991 in Schoharie County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Schoharie County Board of Supervisors rejecting all bids for an electrical contract.

In August 1991, in response to a general request by respondents, petitioner submitted a bid for the electrical work to be performed in the course of constructing a new public safety facility. Petitioner's bid was the lowest; however, all the bids were rejected because they were too high. The electrical work was then rebid. The opening of these bids was scheduled for September 5, 1991. On September 4, 1991 petitioner, proceeding by order to show cause, sought to enjoin the opening or awarding of these bids, and this relief was granted. The next day, petitioner instituted this CPLR article 78 proceeding alleging that the decision to rebid was arbitrary and capricious, as it was made solely to avoid awarding the contract to petitioner, the only bidder operating a non-union shop. The petition, which demanded an order annulling that determination and awarding the contract to petitioner, was dismissed by Supreme Court on September 10, 1991; it is from the judgment entered on that determination that petitioner appeals.

As no injunctive relief was sought pending this appeal, the second set of bids was opened on September 16, 1991, the contract was awarded to the low bidder (one other than

petitioner), the work was commenced and was scheduled to be completed—and we have not been advised that it was not—on October 1, 1992. Thus, the relief sought by petitioner, essentially enjoinder of the rebidding process, can no longer be realized *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714), rendering this controversy moot *(see, Matter of Harbour v Riedell,* 172 AD2d 920, 921; *Matter of Serafin v Wallace,* 117 AD2d 926, 926-927; *Matter of Stilsing Elec. v County of Albany,* 97 AD2d 631, 632).

Moreover, it does not appear that any exception to the mootness doctrine is applicable *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). The issue of whether one may properly reject all bids and rebid a project under the circumstances present in this case, although posing a likelihood of repetition, is not a question typically evading review nor one that is particularly important or novel. Accordingly, the appeal must be dismissed.

Mikoll, J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.