■ In the Matter of BAUMANN & SONS BUSES, INC., Appellant, v PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT et al., Respondents. [647 NYS2d 288] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Patchogue-Medford Union Free School District dated April 3, 1995, awarding a transportation contract to the respondent United Bus Corporation, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated August 4, 1995, which, *inter alia,* dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

From 1986 to 1995, the respondent United Bus Corporation (hereinafter United) was the primary transportation provider for the respondent Patchogue-Medford Union Free School

District (hereinafter the School District). In early 1995, the School District decided to solicit bids for a new transportation contract on a one, two, three, four, and five-year basis. After the bids were opened, the petitioner was the lowest responsible bidder for the four and five-year contracts. Thereafter, the School District announced that it was rejecting all bids and renewing its transportation contract with United. However, after being advised by counsel, the School District withdrew its decision to renew its existing contract, reinstated all bids, and awarded United a one-year contract pursuant to the bidding specifications.

Petitioner then commenced the instant proceeding pursuant to CPLR article 78, *inter alia,* to enjoin the School District from entering into the one-year transportation contract with United. The Supreme Court dismissed the proceeding. We affirm.

It is the petitioner's burden to establish that the contract at issue was improperly awarded *(see, Janvey & Sons v County of Nassau,* 60 NY2d 887). In this regard, it has been held that a "presumption of regularity attends the action of the letting agency in such matters, and it is incumbent upon the petitioner to overcome that presumption and establish the action to have been without reasonable foundation" *(Matter of S. S. Silberblatt, Inc. v Phalen,* 41 Misc 2d 899, 904; *see also, Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373, 378).

In the present case, a rational basis supported the School District's determination to award a one-year transportation contract to United as the lowest responsible bidder for a one-year contract rather than a four or five-year contract to the petitioner as the lowest responsible bidder for a four or five-year contract. The School District's Superintendant, as well as its business consultant, submitted an affidavit stating that the decision to award a one- year contract rather than a multi-year contract was based, in large part, upon concerns as to the future levels of State transportation aid and, correspondingly, the potential impact upon taxpayers in the event of a reduction in funding. Since the School District's determination was a sound exercise of discretion, we decline to disturb it on appeal.

We have considered the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Altman and Hart, JJ., concur.