■ In the Matter of E.W. TOMPKINS COMPANY, INC., Appellant, v BOARD OF TRUSTEES OF THE CLIFTON PARK-HALFMOON PUBLIC LIBRARY, Respondent. [813 NYS2d 789]—

---

Lahtinen, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered July 28, 2005 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent adopting a project labor agreement to be used in the construction of a public library.

The Clifton Park-Halfmoon Public Library District was established by the Legislature in 2001 (*see* L 2001, ch 370) and, thereafter, voters of the district approved construction of a 55,000 square foot library with an estimated project cost of $15 million. In preparation for the construction project, respondent commissioned a detailed study regarding use of a project labor agreement (hereinafter PLA) and that study determined that a PLA would, among other things, minimize delays and reduce costs. Respondent negotiated the terms of the PLA with the Greater Capital Region Building and Construction Trades Council and began receiving bids, with successful bidders agreeing to abide by the PLA. Petitioner, a nonunion construction company that bids on and performs public works contracts, brought this proceeding contending that the use of a PLA on the project was improper. The relief requested by petitioner included that no contracts be awarded under the PLA, that the PLA be declared unlawful and that the construction project be stayed. Supreme Court dismissed the petition, finding, among other things, that respondent set forth sufficient evidence to establish that the PLA advanced the central purposes of the competitive bidding statutes, that is, protection of the public fisc and prevention of favoritism, improvidence, fraud and corruption (*see Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996]). Petitioner appeals.

Initially, we observe that the bids had been submitted and contracts awarded by the time of Supreme Court's decision, petitioner did not seek a stay from this Court pending appeal, and counsel represented during oral argument that construction on the project has progressed substantially toward completion. Moreover, the relief requested both in the original petition and in petitioner's brief on appeal is now either impossible to

grant or wholly untenable. Under such circumstances, this appeal is moot (*see Matter of Paden v Planning Bd. of Town of Mamakating*, 270 AD2d 626, 626 [2000]; *Matter of Save the Pine Bush v Cuomo*, 200 AD2d 859, 860 [1994], *lv dismissed* 83 NY2d 884 [1994]; *Matter of Harbour v Riedell*, 172 AD2d 920, 921 [1991]), which is an issue the Court can raise on its own motion (*see Matter of Flowers v Sullivan*, 75 NY2d 850, 850 [1990]; *Gaetani v Grippen*, 183 AD2d 989, 990 [1992]; *see also Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 311 [1988], *cert denied* 488 US 966 [1988]). Nor do we find that the current case falls within an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Even if we were to address the merits, we would find petitioner's arguments unpersuasive. Supreme Court analyzed the proof before it under *Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.* (*supra*) and other pertinent precedent, and the record supports the court's determination (*see e.g. Matter of Empire State Ch. of Associated Bldrs. & Contrs. v Board of Educ. of City of Buffalo*, 269 AD2d 801, 801-802 [2000]; *Matter of Albany Specialties v County of Orange*, 240 AD2d 739, 740-741 [1997], *lv denied* 91 NY2d 802 [1997]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.