In the Matter of JACK DREIER, Doing Business as BUBS DADDY ICE CREAM, et al., Respondents, v JOHN JAY LAVALLE et al., Appellants. [815 NYS2d 661]—

In a proceeding pursuant to CPLR article 78 to annul two resolutions of the Brookhaven Town Board which awarded franchise agreements for the operation of concession facilities at the Holtsville Pool and Centereach Pool to Dover Gourmet Corp., John Jay LaValle, Supervisor of the Town of Brookhaven, the Brookhaven Town Board, and Anthony DiMaio, Town of Brookhaven Director of Purchasing, appeal, and Dover Gourmet Corp., separately appeals, from a judgment of the Supreme Court, Suffolk County (Berler, J.), dated May 19, 2005, which granted the petition and annulled the resolutions.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed on the merits, and the resolutions are reinstated.

In a proceeding pursuant to CPLR article 78 to review the determination of a municipality, "it is well settled that a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 232 [1974]). The determination of the Brookhaven Town Board (hereinafter the Board) to award two concession contracts for the operation of concession facilities at town pools to the respondent Dover Gourmet Corp. (hereinafter Dover) must be upheld so long as it is in accord with the law and has a rational basis (*see Matter of Service Bus Co., Inc. v City School Dist. of Yonkers,* 20 AD3d 483 [2005]; *Matter of Value Mgt. Consultants v County of Nassau,* 274 AD2d 588 [2000]). The record supports the Board's determination that Dover's bid, which included a revenue-sharing arrangement and provided for extensive improvements to the facilities that would become the property of the Town, was superior to all other bids. Further, contrary to the petitioners' contention, the competitive bidding provisions of the Brookhaven Town Code (hereinafter the Town Code) are inapplicable, since the concession contracts are, in essence, license agreements, and do not involve expenditure of public funds for goods or services (Town Code § 7-2; *see Matter of Citiwide News v New York City Tr. Auth.,* 62 NY2d 464, 470-473 [1984]; *Matter of B.C.I. Indus. Catering v Town of Huntington,* 250 AD2d 675, 676 [1998]). Since the petitioner did not demonstrate that the Board's determination was arbitrary and capricious, and there was no violation of the Town Code, the petition should have been denied and the proceeding dismissed. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.