■ In the Matter of FAROUK EL NAZER, Appellant, v DEPART-MENT OF HOUSING PRESERVATION AND DEVELOPMENT (CODE EN-FORCEMENT), Respondent. [828 NYS2d 436]—

In a proceeding pursuant to CPLR article 78 to review, inter alia, a determination of the respondent Department of Housing Preservation and Development (Code Enforcement) dated January 26, 2005, which directed that an apartment located in a building owned by the petitioner be vacated, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Straniere, J.), dated May 31, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the petitioner's arguments, there is no evidence in the record to demonstrate that a plan for the basement apartment in his multiple dwelling was ever filed with the Department of Buildings, or that the petitioner ever applied for the necessary permits. Under the Multiple Dwelling Law, the absence of such a filing and permit renders the basement apartment unlawful (*see* Multiple Dwelling Law § 300 [6]). Moreover, neither a 1975 criminal court proceeding nor a 1996 landlord-tenant proceeding conclusively established the legality or il-

legality of the basement apartment. As the only available evidence shows a lack of compliance with the Multiple Dwelling Law, the respondent's issuance of a violation and a partial vacate order was reasonable and lawful. Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.