■ In the Matter of TRANSIT AUTO TOWING, INC., Appellant, v CITY OF YONKERS et al., Respondents. [925 NYS2d 885]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination by the City of Yonkers and Board of Contract and Supply dated February 25, 2010, which, among other things, granted A.P.O.W. Towing, LLC, a franchise to provide the City of Yonkers with towing, storage, and services related to the disposition of impounded vehicles, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Wetzel, J.), entered June 16, 2010, as, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner commenced this proceeding to challenge, inter alia, the legality of the determination of the respondent City of Yonkers and its Board of Contract and Supply (hereinafter together the City) awarding a franchise to the respondent A.P.O.W. Towing, LLC (hereinafter A.P.O.W.), pursuant to which A.P.O.W. would provide the City with, among other things, towing and impounding services. In a proceeding pursuant to CPLR article 78 to review the determination of a municipality, judicial review "is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Birch Tree Partners, LLC v Town of E. Hampton*, 78 AD3d 693, 694 [2010]; *see Matter of Dreier v LaValle*, 29 AD3d 790, 791 [2006]). A municipality's determination to award contracts "must be upheld so long as it is in accord with the law and has a rational basis" (*Matter of Dreier v Lavalle*, 29 AD3d at 791; *see Matter of Service Bus Co., Inc. v City School Dist. of Yonkers*, 20 AD3d 483, 484 [2005]; *Matter of Kayfield Constr. Corp. v Morris*, 15 AD2d 373, 378 [1962]). Here, contrary to the petitioner's contentions, it failed to establish that the subject determination was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Baumann & Sons Buses v Patchogue-Medford Union Free School Dist.*, 231 AD2d 566, 567 [1996]). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.

The petitioner's remaining contention is without merit. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.