■ In the Matter of HELLO ALERT, INC., Appellant, v EAST MORICHES FIRE DISTRICT et al., Respondents. [13 NYS3d 113]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the East Moriches Fire District dated May 2, 2011, awarding to Eastern Long Island Electronics, Inc., a contract for the supply, installation, and maintenance of certain radio equipment, the appeal is from (1) a decision of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 4, 2012, and (2) a judgment of the same court dated April 8, 2013, which, upon the decision, denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In April 2011, the East Moriches Fire District (hereinafter the fire district) and its board of commissioners (hereinafter the board) issued an invitation to bid on the installation and maintenance of a new radio dispatch system. The petitioner and Eastern Long Island Electronics, Inc. (hereinafter Eastern), each submitted a bid. Eastern offered to install the equipment described in the bid specifications, whereas the petitioner, as permitted by the specifications, proposed a different system, which it stated was equivalent to the specified system.

Upon reviewing the bids, the board determined that, al-

though the petitioner's bid for the equipment was lower than Eastern's bid by approximately $450, its monthly maintenance charges were higher by $350 per month and, thus, that the petitioner's bid would cost the fire district $4,200 more annually than Eastern's. In addition, the board determined that the petitioner did not fulfill the requirement of having a service location within 20 miles of the fire district. For these two reasons, the board rejected the petitioner's bid, and awarded the contract to Eastern.

The petitioner thereafter commenced this CPLR article 78 proceeding, contending, inter alia, that the board had acted arbitrarily and capriciously in awarding the contract to Eastern, and alleging, among other things, that the fire district and Eastern had colluded to ensure Eastern's success. The Supreme Court issued a decision, in which it explained that the petitioner had failed to demonstrate that the board had acted arbitrarily and capriciously, or that its determination lacked a reasonable basis. In a judgment based thereon, the court denied the petition and dismissed the proceeding.

General Municipal Law § 103 (1) provides that, in awarding any contract in excess of $35,000, public entities must award the contract to "the lowest responsible bidder." "The central purposes of New York's competitive bidding statutes are the '(1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts' " (*Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast*, 17 NY3d 136, 142 [2011], quoting *Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996]; *see Matter of L&M Bus Corp. v New York City Dept. of Educ.*, 17 NY3d 149, 156 [2011]; *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148 [1985]; *Brega Transp. Corp. v Brennan*, 105 AD3d 985, 986 [2013]; *Matter of Construction Contrs. Assn. of Hudson Val. v Board of Trustees, Orange County Community Coll.*, 192 AD2d 265, 267 [1993]). Nevertheless, it is a municipality's right to determine whether a bid meets its specifications, and that determination is entitled to deference if it is supported by "any rational basis" (*Matter of Hungerford & Terry, Inc. v Suffolk County Water Auth.*, 12 AD3d 675, 676 [2004]; *see Brega Transp. Corp. v Brennan*, 105 AD3d at 987; *see generally Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 232 [2007]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34

NY2d 222, 232 [1974]; *Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d 1080, 1083 [2010]). Thus, " 'a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion' " (*Matter of Dreier v LaValle*, 29 AD3d 790, 791 [2006], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 232; *see Matter of Rodriguez v County of Nassau*, 80 AD3d 702, 703 [2011]; *Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead*, 48 AD3d 567 [2008]). It is the petitioner's burden to demonstrate that a bid has been wrongly awarded (*see Matter of Terraferma Elec. Constr. Co., Inc. v City of New York*, 30 AD3d 607 [2006]).

Here, the board identified three reasons for rejecting the petitioner's bid: (1) the petitioner did not demonstrate that it had a service location within 20 miles of the fire district; (2) the petitioner offered to supply equipment which differed from the bid specifications; and (3) over the life of the contract, the monthly maintenance costs would render the petitioner's bid more expensive than Eastern's. Although the petitioner disagrees with the board's conclusions as to each of these points, any one of them would provide a rational basis for the rejection of the petitioner's bid. In any event, even were we to disagree with the board's conclusions in this regard, we are not free to substitute our judgment for that of the board (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 232; *Matter of Rodriguez v County of Nassau*, 80 AD3d at 703; *Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead*, 48 AD3d 567 [2008]; *Matter of Dreier v LaValle*, 29 AD3d at 791).

The petitioner's conclusory claims of fraud and collusion also do not entitle it to relief. A "spectral 'appearance of impropriety' is insufficient proof to disturb a [municipality's] determination under the competitive bidding statutes" (*Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 55 [1997], quoting *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d at 150). Instead, a party challenging a procurement "has the burden to demonstrate 'actual' impropriety, unfair dealing or some other violation of statutory requirements" (*Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d at 55, quoting *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d at 149; *see Matter of L&M Bus Corp. v*

*New York City Dept. of Educ.*, 17 NY3d at 156; *Brega Transp. Corp. v Brennan*, 105 AD3d at 987). Here, the petitioner made no such showing, instead relying on mere conjecture and innuendo, which the Supreme Court properly rejected.

The petitioner's remaining contention is without merit. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.