In the Matter of AAA CARTING AND RUBBISH REMOVAL, INC., Appellant, v TOWN OF CLARKSTOWN et al., Respondents.
[18 NYS3d 124]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Clarkstown dated October 2, 2012, rejecting the petitioner's bid on a contract for residential refuse and bulk collection services, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated July 26, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

In June 2012, the respondent Town of Clarkstown issued an invitation to bid on a five-year contract to perform refuse and bulk collection services for one-, two-, and three-family homes in the incorporated portion of the Town. Bids were submitted by the petitioner and by the respondent Clarkstown Carting Associates, Inc. (hereinafter Clarkstown Carting). The petitioner's bid was the lower of the two.

On October 2, 2012, following a series of communications with the petitioner regarding various concerns it had with the petitioner's bid, the Town Board of the Town of Clarkstown, upon reviewing that bid and additional documentation provided by the petitioner, issued a resolution rejecting the petitioner's bid. Among other things, the resolution provided that the petitioner's bid was deficient because the petitioner failed to demonstrate that it was either a licensed carter within the Town or, alternatively, that it had a valid joint venture agreement with a carter that was licensed by the Town. The resolution noted that, while the petitioner submitted a purported joint venture agreement with a licensed carter, that agreement failed to specify the manpower, equipment, or financial contribution of the joint venture partner, other than the use of the license held by that partner. The resolution also provided that the bid was deficient because neither the petitioner nor the joint venture partner demonstrated that they had the required five years of experience providing backdoor residential waste collection services to a municipality with a similar population, or that they had the capital, equipment, or manpower necessary to fulfill the bid specifications.

The petitioner then commenced this CPLR article 78 proceeding to review the resolution rejecting its bid as deficient. After the petition was filed, the parties entered into a stipulation in which the Town agreed to stay the award of the contract until

the Supreme Court issued a decision in the proceeding, and Clarkstown Carting, which held the expiring contract, agreed to continue to perform the refuse collection services at issue in the interim.

Following the submission of various papers in the proceeding, the Town and Clarkstown Carting separately informed the Supreme Court that, in January 2013, the petitioner's general manager and president/owner had been named in a federal indictment containing allegations of extortion and conspiracy to commit extortion in connection with waste-hauling activities. Noting that the indictment called for, among other things, property forfeiture and criminal sanctions against the petitioner's principals, and citing a provision in the Town's carting contract which required the successful bidder to affirmatively represent that there were no pending actions or proceedings which could impact the bidder's ability to perform, the Town and Clarkstown Carting argued that the petitioner was no longer able to enter into the contract and that the proceeding had been rendered moot as a result. The Supreme Court agreed. In the judgment appealed from, the Supreme Court, without reaching the merits, denied the petition and dismissed the proceeding as moot. Thereafter, during the pendency of this appeal, the Town awarded the subject contract to Clarkstown Carting.

Contrary to the contentions of the Town and Clarkstown Carting, since it cannot be said that the services to be performed under the subject contract have been completed or substantially completed, the instant appeal has not been rendered moot by the fact that the contract has been awarded to Clarkstown Carting (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]; *cf. Matter of E.W. Tompkins Co., Inc. v Board of Trustees of Clifton Park-Halfmoon Pub. Lib.*, 27 AD3d 1046, 1047-1048 [2006]; *Matter of LaCorte Elec. Constr. & Maintenance v County of Schoharie*, 190 AD2d 899, 899-900 [1993]).

Further, under the circumstances of this case, the Supreme Court erred in concluding that the federal indictment rendered the proceeding moot. Even assuming that the indictment could have constituted an independent ground for rejecting the petitioner's bid, the Supreme Court, in reviewing the resolution dated October 2, 2012, should have limited its review to the grounds that were invoked by the Town at the time the resolution was passed (*see Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast*, 17 NY3d 136, 143 n 4 [2011]; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,*

57 NY2d 588, 593 [1982]). The indictment was not even announced until after the petitioner commenced the instant proceeding to review the resolution. Accordingly, the Supreme Court should not have denied the petition and dismissed the proceeding on the ground that it was moot.

Although the Supreme Court did not address the petitioner's claim that the Town's resolution rejecting its bid was not supported by a rational basis, it is undisputed that the parties, prior to informing the Supreme Court of the indictment, presented a complete record and were given an opportunity to fully address the grounds upon which the bid was rejected. Since the record before the Supreme Court and the arguments set forth in the appellate briefs are sufficient to permit review, we proceed to address the merits of the petition (*see generally Matter of M&V 99 Franklin Realty Corp. v Weiss*, 124 AD3d 783, 784 [2015]), and affirm the judgment, albeit on a ground different from the one relied upon by the Supreme Court (*see generally Matter of Lakes v Village of Spring Val.*, 104 AD3d 855, 855 [2013]; *Matter of Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 55 AD3d 610, 611 [2008]).

Pursuant to Town Law § 122 and General Municipal Law § 103, all contracts for public work must be awarded to "the lowest responsible bidder." "The central purposes of New York's competitive bidding statutes are the '(1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts' " (*Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast*, 17 NY3d at 142, quoting *Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996]). "Nevertheless, it is a municipality's right to determine whether a bid meets its specifications, and that determination is entitled to deference if it is supported by 'any rational basis' " (*Matter of Hello Alert, Inc. v East Moriches Fire Dist.*, 129 AD3d 966, 967 [2015], quoting *Matter of Hungerford & Terry, Inc. v Suffolk County Water Auth.*, 12 AD3d 675, 676 [2004]). " '[A] court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion' " (*Matter of Dreier v LaValle*, 29 AD3d 790, 791 [2006], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]).

Here, the petitioner's bid was determined to be deficient because, among other things, the petitioner failed to demon-

strate that it had either a license issued by the Town or a valid joint venture agreement with a duly licensed carter, or that it had either the requisite experience or the capital, equity, or manpower necessary to fulfill the job specifications. Although the petitioner disagrees with the Town's conclusions as to both of these points, either one of them would provide a rational basis for the rejection of its bid (*see Matter of Hello Alert, Inc. v East Moriches Fire Dist.*, 129 AD3d at 968). Moreover, even if we were to disagree with the Town's conclusions in this regard, we are not free to substitute our judgment for that of the Town (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 232; *Matter of Hello Alert, Inc. v East Moriches Fire Dist.*, 129 AD3d at 968).

Accordingly, we affirm the judgment denying the petition and dismissing the proceeding, albeit on a ground different from the one relied on by the Supreme Court. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.

Motion by the appellant on an appeal from a judgment of the Supreme Court, Putnam County, dated July 26, 2013, inter alia, to strike stated portions of the respondents' briefs on the ground that they refer to matter dehors the record and improperly raise arguments for the first time on appeal. Separate cross motions by the respondents, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record and improperly raise arguments for the first time on appeal. By decision and order on motion of this Court dated June 8, 2015, that branch of the motion which is to strike stated portions of the respondents' brief, and those branches of the separate cross motions which are to strike stated portions of the appellant's brief, were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the cross motions, and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the respondents' briefs on the ground that they refer to matter dehors the record and improperly raise arguments for the first time on appeal is denied; and it is further,

Ordered that those branches of the separate cross motions which are to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record and

improperly raise arguments for the first time on appeal are denied. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.