◼ In the Matter of LOUIS LILAKOS, Appellant, v DEREK LEE, Department of Buildings Queens Commissioner, Respondent. [49 NYS3d 529]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Buildings Queens Commissioner dated June 13, 2014, which directed that the subject premises be vacated, the petitioner appeals from a judgment of the Supreme Court, Queens County (Gavrin, J.), entered November 12, 2014, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Buildings Queens Commissioner (hereinafter the Commissioner), which ordered that the petitioner vacate his two-family dwelling (hereafter the property). The Commissioner determined that there was "imminent danger to life or public safety or safety of the occupants or to the property" because the petitioner illegally converted the property into a "transient use hostel without providing required means of egress, sprinkler system, [or] fire alarm," and because the property "exceeds the occupancy requirements." The Commissioner directed that the property remain vacant and unoccupied until the conditions giving rise to the order had been corrected

and the order was rescinded. The Supreme Court determined that the petitioner was not entitled to rescission of the vacate order, denied the petition, and, in effect, dismissed the proceeding.

Contrary to the Commissioner's contention, the appeal has not been rendered academic by the fact that the petitioner has sold the property. In light of the petitioner's claim that some of the proceeds from the sale remain in escrow pending resolution of this proceeding, it cannot be said that the petitioner's rights would not be directly affected by rescission or annulment of the vacate order (*see generally Matter of AAA Carting & Rubbish Removal, Inc. v Town of Clarkstown*, 132 AD3d 857, 858 [2015]).

However, contrary to the petitioner's contention, he failed to demonstrate that he was entitled to rescission or annulment of the vacate order on the basis that the Commissioner's determination to issue the vacate order was illegal, an abuse of discretion, or arbitrary and capricious (*see generally* Administrative Code of City of NY § 28-207.4; *Matter of El Nazer v Department of Hous. Preserv. & Dev. [Code Enforcement]*, 35 AD3d 857, 858 [2006]; *East 13th St. Homesteaders' Coalition v Wright*, 217 AD2d 31, 39 [1995]).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.