Matter of Cipco Boarding Co., Inc. v Town of Hempstead (2018 NY Slip Op 06010)





Matter of Cipco Boarding Co., Inc. v Town of Hempstead


2018 NY Slip Op 06010


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-07075
 (Index No. 5795/15)

[*1]In the Matter of Cipco Boarding Co., Inc., appellant,
v
Town of Hempstead, etc., et al., respondents.


Anthony DiPaolo, P.C., Queens Village, NY (Harold Pokel of counsel), for appellant.
Canfield Madden & Ruggiero, LLP, Garden City, NY (John P. Ruggiero of counsel), for respondent MGP Landscape Construction, LLC, doing business as Gappsi; Joseph J. Ra, Town Attorney, Hempstead, NY (Mario Bove of counsel), for respondent Town of Hempstead (one brief filed).



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Nassau County (George R. Peck, J.), entered May 11, 2016. The judgment denied the petition to review a determination of the respondent Town of Hempstead dated February 25, 2015, awarding the respondent MGP Landscape Construction, LLC, doing business as Gappsi, a contract for emergency fencing and "board-up" for unsafe structures, and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In November 2014, the respondent Town of Hempstead solicited bids for a contract for emergency fencing and "board-up" for unsafe structures. The petitioner and the respondent MGP Landscape Construction, LLC, doing business as Gappsi (hereinafter Gappsi), each submitted a bid. Gappsi submitted the lowest bid and was awarded the contract. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Town's determination awarding Gappsi the contract, contending that the Town acted arbitrarily and capriciously in awarding Gappsi the contract, and alleging that Gappsi failed to meet some of the qualifications listed in the bid documents. In the judgment appealed from, the Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that the petitioner failed to meet its prima facie burden of demonstrating that the Town's determination was arbitrary and capricious.
Pursuant to Town Law § 122 and General Municipal Law § 103, all contracts for public work must be awarded to "the lowest responsible bidder." "The central purposes of New York's competitive bidding statutes are the (1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts'" (Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 142, quoting Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 68). "Nevertheless, it is a municipality's right to determine whether a bid meets its specifications, and that determination is entitled to deference if it is supported by any rational basis'" (Matter of Hello Alert, Inc. v East [*2]Moriches Fire Dist., 129 AD3d 966, 967, quoting Matter of Hungerford & Terry, Inc. v Suffolk County Water Auth., 12 AD3d 675, 676). A court may not substitute its judgment for that of the board or body it reviews unless the decision under review is irrational, illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of 278, LLC v Zoning Bd. of Appeals of Town of E. Hampton, 159 AD3d 891, 892). It is the petitioner's burden to demonstrate that a contract has been wrongly awarded (see Matter of Terraferma Elec. Constr. Co., Inc. v City of New York, 30 AD3d 607).
We agree with the Supreme Court's determination that the petitioner failed to meet its prima facie burden. The conclusory and speculative allegations set forth in the petition and the petitioner's submissions to the court were patently insufficient and failed to allege facts establishing, prima facie, that the Town's determination violated General Municipal Law § 103 or was otherwise irrational, arbitrary and capricious, or an abuse of discretion (see Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817, 825). Since the petitioner failed to meet its initial burden, the court's summary denial of the petition was proper, and a hearing pursuant to CPLR 7804(h) was not required (see generally Matter of Rogan v Nassau County Civ. Serv. Commn., 91 AD3d 658).
The petitioner's remaining contentions either are improperly raised for the first time on appeal, are without merit, need not be reached in light of our determination, or do not warrant reversal.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court