■ In the Matter of JANE KURTIN, Doing Business as LILA REALTY COMPANY, Petitioner, v CITY OF NEW YORK et al., Respondents. [911 NYS2d 40]—

Determination of respondent Environmental Control Board (ECB), dated May 7 2009, finding that petitioner landlord illegally altered both apartments of a two-family residence in violation of former section 27-118.1 of the Administrative Code of the City of New York, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered February 23, 2010), dismissed, without costs.

The notice of violation states that the dwelling was illegally converted into single-room occupancies (SROs), with three tenants sharing a kitchen and bath on the second floor, and four tenants doing the same on the ground floor. This was essentially uncontroverted at the hearing, except that the owner's proof was that there were only three tenants on the ground floor. Petitioner testified that she had been unaware that a wall had been built on the second floor or that tenants other than the two listed on the leases were living in the apartments.

Respondents' failure to prove petitioner's knowledge of her tenant's illegal conversion does not negate the charges and the ECB's rejection of petitioner's defense was rational in light of the administrative precedent (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 518-520 [1985]).

Although the wall was removed on March 8, 2005, three days after the notice was issued, and petitioner commenced eviction proceedings against one of the upstairs tenants by serving a five-day notice to cure default on March 15, 2005, this does not warrant dismissal of the violations. Unlike New York City v Hart (NY City Envtl Control Bd Appeal No. 20246 [1995]), relied on by petitioner, in which the ECB found a landlord not liable for an illegal occupancy created by a tenant where the landlord

took all possible corrective measures beginning the year prior to issuance of the notice of violation, petitioner here did not take any steps to correct the illegal conditions until after her property was inspected by the Department of Buildings and a notice of violation was issued. Furthermore, the eviction proceedings applied only to the second floor apartment, and there is no proof of any corrective action taken regarding the first floor apartment, where the tenant who petitioner claims had created the illegal SROs without petitioner's knowledge, was still residing as of the ECB hearing date.

Also unavailing is petitioner's argument that the penalty should be vacated or reduced because she took some corrective action in March 2005 prior to being properly served with the notice. Although the notice affixed to the premises on March 3, 2005 was not mailed to the proper address until April 8, 2005, as is noted by respondent, action taken prior to the date of the violation may establish a defense by showing that the owner was not maintaining an illegal conversion, the relevant date being the date of violation, not the date of completion of service.

Petitioner's remaining contention is unpreserved for review because it was not raised at the ECB hearing (*see Matter of 72A Realty Assoc. v New York City Envtl. Control Bd.*, 275 AD2d 284, 286 [2000]). Concur—Gonzalez, P.J., Andrias, Acosta, Renwick and Abdus-Salaam, JJ.