In the Matter of TRAVIS D. GRIFFIN, Appellant, v CITY OF NEW YORK et al., Respondents. [4 NYS3d 505]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered October 30, 2013, which denied the petition to annul the determination of respondent New York City Civil Service Commission, dated December 8, 2011, affirming petitioner's disqualification by the New York City Department of Correction for the position of probation officer on the ground that he was not psychologically suited for the position, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that petitioner is not psychologically qualified for the position of probation officer has a rational basis in the record and is not arbitrary and capricious (see *Matter of Talamo v Murphy*, 38 NY2d 637 [1976]; Civil Service Law § 50 [4] [b]). Petitioner underwent written and in-person psychological evaluations for the Department of Probation (DOP) by a psychologist who found that petitioner was "not qualified psychologically" for the position of probation officer. Although on the administrative appeal petitioner produced a report from his own psychologist opining that he was mentally competent and a suitable candidate for the position, "[i]t is not for the courts to choose between . . . diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere" (*Matter of Palozzolo v Nadel*, 83 AD2d 539, 539 [1st Dept 1981] [internal quotation marks omitted], *affd* 55 NY2d 984 [1982]). We note moreover that both reports were reviewed by a third psychologist, who concurred in the DOP psychologist's finding of psychological disqualification.

Petitioner has been given procedural due process (see *Pinder v City of New York*, 49 AD3d 280 [1st Dept 2008]; *Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465, 466 [1st Dept 1995]). He was afforded an administrative appeal, at which he availed himself of the opportunity to make submissions, including the report of his own psychologist, and the administrative determination has undergone judicial review for rationality. No hearing was provided for by statute or otherwise procedurally required (see *Talamo*, 38 NY2d at 639; *Matter of Albury v New York City Civ. Serv. Commn.*, 32 AD2d 895 [1st Dept 1969], *affd* 27 NY2d 694 [1970]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny,

DeGrasse, Feinman and Gische, JJ. 