■ In the Matter of WILLIAM GREEN, Petitioner, v CITY UNIVERSITY OF NEW YORK, Respondent. [43 NYS3d 340]—

Determination of respondent, dated November 4, 2015, which, upon findings of misconduct, suspended petitioner from the College of Staten Island's graduate history program for one year, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of Supreme Court, New York County [Shlomo Hagler, J.], entered Mar. 29, 2016) dismissed, without costs.

Respondent's determination that petitioner engaged in misconduct is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Numerous emails authored by petitioner, as well as testimony by College of Staten Island (CSI) faculty and staff, establishes that petitioner sent CSI history department faculty members numerous emails and disregarded a school directive that he cease contact with members of the department. Documentary and testimonial evidence establishes that petitioner failed to comply with a school directive that he meet with a representative of CSI's Office of Student Affairs.

The record belies petitioner's contention that he was denied due process. The charges preferred against him were specified in a two-page letter containing sufficient factual and legal detail to apprise him of the misconduct of which he was accused and the substantive rules he was accused of violating (*see Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]). The initial disciplinary determination, coupled with the hearing exhibits, with which he was supplied, provided petitioner with factual findings sufficiently detailed to apprise him of the misconduct he was found to have engaged in and to give him a meaningful opportunity to lodge an appeal (of which he availed himself twice) (*see Matter of Budd v State Univ. of N.Y. at Geneseo*, 133 AD3d 1341, 1343 [4th Dept 2015], *lv denied* 26 NY3d 919 [2016]).

While petitioner was not provided with the hearing exhibits within the time frame required by respondent's bylaws, he did not appear at the hearing or otherwise voice any objection to this omission, thereby failing to preserve the issue for our review (*see Matter of Kurtin v City of New York*, 78 AD3d 473, 474 [1st Dept 2010]; *Matter of King v New York State Dept. of Health*, 295 AD2d 743, 745 [3d Dept 2002]; *see also Matter of May v Selsky*, 291 AD2d 591, 592 [3d Dept 2002]).

Petitioner was afforded the opportunity to appear at the hearing, which he chose not to attend, detailed written determinations, an administrative appeal process, and judicial review via CPLR article 78 (*see Budd*, 133 AD3d at 1342; *Matter of Griffin v City of New York*, 127 AD3d 412 [1st Dept 2015], *appeal dismissed, lv denied* 25 NY3d 1191 [2015]; *Matter of Tully Constr. Co. v Hevesi*, 214 AD2d 465, 466 [1st Dept 1995], *appeal withdrawn* 87 NY2d 969 [1996]).

The penalty imposed does not shock the judicial conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.