■ In the Matter of LONDON TERRACE GARDENS L.P., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [52 NYS3d 319]—

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered December 3, 2014, denying the petition seeking to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated September 30, 2013, which denied petitioner owner's petition for administrative review (PAR) of a rent overcharge determination, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination is rationally based in the record, and not "arbitrary and capricious" (CPLR 7803 [3]; *see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]). DHCR providently exercised its discretion in declining to accept a late-proffered invoice at the PAR stage, especially given the lack of an explanation for the delay (*see* 9 NYCRR 2527.5 [d]; 2529.6; *Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359, 374 [1999]).

DHCR's assessment of interest on overcharge amounts—including periods in which the tenant respondents paid the excessive rent into escrow, rather than to the owner—was consistent with the statutory purposes of discouraging overcharges and encouraging prompt repayment of overcharge amounts (*see* Administrative Code of City of NY § 26-516 [a]; 9 NYCRR 2526.1 [a] [1]; *Mohassel v Fenwick*, 5 NY3d 44, 52 [2005]; *Mat-*

*ter of 10th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal*, 34 Misc 3d 1240[A], 2012 NY Slip Op 50484[U], *5 [Sup Ct, NY County 2012], *affd* 110 AD3d 605 [1st Dept 2013]).

In determining the date of the last vacancy for purposes of computing the longevity increase, DHCR properly relied on the date of the earliest registered rent for the prior tenant (*see Matter of Hawthorne Gardens v State of N.Y. Div. of Hous. & Community Renewal*, 4 AD3d 135, 136 [1st Dept 2004]).

Petitioner was afforded adequate due process throughout the proceedings (*see Matter of Beck-Nichols v Bianco*, 20 NY3d 540, 559 [2013]; *Matter of Griffin v City of New York*, 127 AD3d 412, 412 [1st Dept 2015], *appeal dismissed and lv denied* 25 NY3d 1191 [2015]; 9 NYCRR 2527.5 [j]). Concur—Renwick, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.