Matter of Gagliano v New York City Fire Dept. (2021 NY Slip Op 01196)





Matter of Gagliano v New York City Fire Dept.


2021 NY Slip Op 01196


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 161432/18 Appeal No. 13210 Case No. 2020-03629 

[*1]In the Matter of John P. Gagliano, Petitioner-Appellant,
v
New York City Fire Department et al. Respondents-Respondents.


Gordon, Gordon & Schnapp, P.C., New York (Kenneth E. Gordon of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered August 10, 2020, denying the petition seeking to overturn respondents' determination, dated August 27, 2018, which disqualified him from promotion to the position of firefighter due to medical reasons, and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' determination was not arbitrary and capricious, or without a rational basis. The record demonstrates that petitioner had profound sensorineural hearing loss in his left ear, which, under the standards promulgated by the National Fire Protection Association (NFPA), was grounds to disqualify him from appointment to the position of firefighter (see Matter of Rivers v New York City Dept. of Sanitation, 49 AD3d 436 [1st Dept 2008]). Respondents' physician considered petitioner's medical submissions and letters from his former colleagues, but ultimately determined that his unequal hearing would interfere with his ability to safely perform search and rescue operations, as well as tasks requiring an ability to localize faint sounds in high-noise environments. In addition, respondents' physician determined that petitioner's hearing loss in his left ear was progressive and would further impair his ability to serve as a firefighter. That petitioner's physicians reached a different result does not render respondents' medical examiner's conclusions arbitrary and capricious (see Matter of Griffin v City of New York, 127 AD3d 412 [1st Dept 2015], appeal dismissed and lv denied 25 NY3d 1191 [2015]THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021