Matter of East Coast Customs Automotive, Inc. v New York City Dept. of Consumer & Worker Protection (2022 NY Slip Op 03316)

Matter of East Coast Customs Automotive, Inc. v New York City Dept. of Consumer & Worker Protection

2022 NY Slip Op 03316

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 

Index No. 28305/20E Appeal No. 15976 Case No. 2021-00591 

[*1]In the Matter of East Coast Customs Automotive, Inc., et at., Petitioners-Respondents,
v
New York City Department of Consumer and Worker Protection, Respondent-Appellant, New York City Business Experts, Inc., Respondent.

Georgia M. Pestana, Corporation Counsel, New York (MacKenzie Fillow of counsel), for appellant.
Abrams Fensterman, LLP, White Plains (David A. House of counsel), for respondents.

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 20, 2021, insofar as it granted the petition to the extent of annulling a determination of respondent New York City Department of Consumer and Worker Protection (DCWP), dated February 27, 2020, which found that petitioners violated 6 RCNY 2-362(d) and Administrative Code of the City of New York § 20-504(a), (c), and revoked petitioners' tow truck licenses pursuant to Administrative Code § 20-504, and remanding the matter to DCWP for an assessment of fines as set forth in 6 RCNY 6-36, unanimously reversed, on the law, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
DCWP's determination that petitioners made materially false statements in a license renewal application, in violation of Administrative Code § 20-504(c), had ample support in the record and was not arbitrary and capricious (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). The record also supports DCWP's determination that petitioners violated Administrative Code § 20-504(a) and 6 RCNY 2-362(d).
Petitioners' contention that DCWP violated their due process rights is unpreserved (see Matter of SCE Group, Inc. v New York State Liq. Auth., 159 AD3d 519, 520 [1st Dept 2018]). In any event, we reject petitioners' claim on the merits, and find that they were given adequate procedural due process. DCWP complied with the procedure required by Administrative Code § 20-504, by giving petitioners notice and a meaningful pre-deprivation opportunity to be heard, after which the administrative determination was subject to judicial review for rationality (see Matter of Thornton v New York City Dept. of Educ., 167 AD3d 444, 445-446 [1st Dept 2018]; Matter of Griffin v City of New York, 127 AD3d 412, 412 [1st Dept], lv denied 25 NY3d 1191 [2015]; Matter of Action Elec. Contr. Co. v Riverso, 287 AD2d 560, 561 [2d Dept 2001] lv denied 97 NY2d 613 [2002]; Tully Constr. Co. v Hevesi, 214 AD2d 465, 466 [1st Dept 1995], app withdrawn 87 NY2d 969 [1996]).
Petitioners' claim that DCWP's decision was arbitrary, or made in violation of a lawful procedure because it consulted or relied upon the wrong statute or rule when choosing the sanction, is also unpreserved (see Matter of Rowe v Rhea, 101 AD3d 420, 421 [1st Dept 2012]), and does not fit within the narrow exception to the preservation doctrine concerning pure questions of law or statutory interpretation (cf. Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536, 538 [2d Dept 2003] affd 1 NY3d 424 [2004]). In any event, we reject petitioners' claim, that DCWP was limited to issuing the fines set forth in 6 RCNY 6-36, on the merits. While that rule discusses some monetary penalties for violation of 6 RCNY 2-362(d), petitioners were also found to have violated Administrative Code § 20-504(a), (c), and that statute permitted revocation[*2]. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022