Matter of Runway Towing Corp., Inc. v New York City Dept. of Consumer & Worker Protection (2022 NY Slip Op 07309)

Matter of Runway Towing Corp., Inc. v New York City Dept. of Consumer & Worker Protection

2022 NY Slip Op 07309

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 152746/21 Appeal No. 16968 Case No. 2021-03531 

[*1]In the Matter of Runway Towing Corp., Inc., Petitioner-Respondent,
v
The New York City Department of Consumer and Worker Protection, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for appellant.
Margolin & Pierce, LLP, Bridgehampton (Errol F. Margolin of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Debra James, J.), entered August 30, 2021, which granted the petition to the extent of vacating respondent's determination dated January 26, 2021, which denied petitioner's application to renew its tow truck license and remanding to the New York City Department of Consumer and Worker Protection (DCPW) for imposition of a penalty proportionate to the violations, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.
DCPW rationally determined that petitioner Runway Towing Corp. Inc. (Runway) repeatedly charged excessive towing and storage fees for tows performed under the Direct Accident Response Program (DARP), Rotation Tow Program (ROTOW), and Arterial Highway Program (Arterial Tow Program). Such fees were impermissible under Administrative Code of City of NY §§ 20-509.1, 20-509(b), 20-518(b)(4), and 20-519(c)(1). DCWP's penalty of denying Runway's application for renewal of its tow truck license does not shock the conscience, as it was not disproportionate to Runway's numerous overcharges over a two-year period (see Matter of Ward v City of New York, 23 NY3d 1046 [2014]; see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234 [1974]).
Runway's claim that 6 RCNY 6-36 limits DCWP to issuing only monetary fines for violations of the applicable statutes is incorrect (see Matter of East Coast Customs Auto., Inc. v New York City Dept. of Consumer & Worker Protection, 205 AD3d 536, 536-537 [1st Dept 2022]). 6 RCNY § 6-36 allows for revocation of a license following a third violation of the rate-setting statutes. Furthermore, Runway's due process arguments fail because "there is no property interest in the renewal of an expired license and no constitutional due process right to a hearing" (see Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 274 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022