Matter of Parking Expert, Inc. v City of New York (2023 NY Slip Op 00958)

Matter of Parking Expert, Inc. v City of New York

2023 NY Slip Op 00958

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 157979/21 Appeal No. 17369 Case No. 2022-02564 

[*1]In the Matter of Parking Expert, Inc., et al., Petitioners,
v
The City of New York et al., Respondents.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for petitioners.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for respondents.

Determination of respondent New York City Department of Finance (DOF), dated April 26, 2021, which, after a hearing, found that petitioners had violated 19 RCNY 39-09(a)(8), and suspended petitioners from appearing before DOF's Parking Violations Bureau, except for violations issued to them personally, for a period of 3 years pursuant to 19 RCNY 39-09(a)(9), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered May 25, 2022) dismissed, without costs.
DOF's determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). Contrary to petitioners' contention, there is ample evidence in the record to establish that petitioners knew that documents they submitted to the agency were fabricated, and that petitioners had submitted those documents with the intent to deceive the agency. DOF could readily infer petitioners' knowledge and intent. Petitioners submitted a large volume of fabricated documents over a limited period of time. All of the documents had been fabricated in a similar manner and for the purpose of dismissal of summonses based on invalid addresses. As such, DOF had ample to basis to conclude that the approximately 70 submissions were not simply isolated errors. DOF likewise had ample basis to reject petitioners' multiple explanations for why they may have submitted so many falsified documents., several of which were speculative.
We also find that, particularly due to the extensive nature of petitioners' intentional misconduct and deceptive acts, the period of suspension is appropriate and does not shock the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).
Petitioners' remaining arguments are unavailing. Petitioners' contention that DOF improperly applied 19 RCNY 39-09(a)(9) retroactively is unsupported by the record. Indeed, DOF correctly determined that the version of the rule in effect at the time of petitioners' misconduct permitted suspension of both petitioners. In any event, we find that DOF's interpretation of the rule was both reasonable and consistent with the plain language, and we defer to it (see Matter of MSK Realty Interests, LLC v Dept. of Fin. of the City of N.Y., 170 AD3d 459, 460 [1st Dept 2019]). The Administrative Law Judge also providently exercised her discretion in limiting petitioners' cross-examination of one witness (48 RCNY 1-46 [b]; see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838 [2d Dept 2011], lv denied 18 NY3d 804 [2012]; Matter of Yoonessi v State Bd. for Professional Med. Conduct, 2 AD3d 1070, 1072 [3d Dept 2003], lv denied 3 NY3d 607 [2004]). Finally, we find that petitioners were not denied due process, as they were afforded a reasonable [*2]and meaningful opportunity to be heard prior to the suspension by DOF (see 19 RCNY 39-09[a]; Matter of East Coast Customs Auto., Inc. v New York City Dept. of Consumer & Worker Protection, 205 AD3d 536, 537 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023